## HANSCOM *v.* TOWER.

An appeal from an order refusing a new trial brings up the whole record, and on such appeal error may be assigned on the judgment roll, even though there be no appeal from the final judgment.

The answer to a suit on a note set up defendant's discharge in insolvency. Plaintiff demurred to the answer, on the ground that it did not allege that the note was described, set forth, or included in defendant's schedule: *Held*, that the demurrer was not well taken; that, under section fifty-nine of the Practice Act, it was sufficient to allege in the answer that a judgment had been duly rendered discharging defendant from the demand sued on; and that whether the demand were sufficiently described was matter of evidence to be determined at the trial by inspection of the record.

Where an insolvent's schedule shows that one of his creditors resides out of this State at the time the proceedings in insolvency are instituted, an attorney must be appointed to represent such creditor, or the discharge will, as to him, be *coram non judice;* and the fact of such appointment is a jurisdictional fact, must appear in the record, and cannot be shown by evidence *aliunde.*

Appeal from the Ninth District.

Suit upon a note. The answer plead defendant's discharge in insolvency, setting forth the usual proceedings in such cases, copying the decree of discharge, etc. Plaintiff demurred to the answer on the grounds, among others, that it did not allege that the note sued on was particularly described in defendant's petition and schedule in insolvency, and also that the debt is set forth in defendant's schedule as payable to plaintiff, then a resident of Maine, and that it did not appear that any attorney was appointed to represent him. Demurrer overruled. On the trial, defendant offered in evidence his proceedings in insolvency, to which plaintiff objected on substantially the grounds of his demurrer. Overruled, and the proceedings admitted. Judgment for defendant, the Court holding the discharge in insolvency to be a bar. Plaintiff moved to set aside the judgment, and for a new trial, on the grounds: 1st, that the Court admitted improper evidence; 2d, that the Court erred in its findings of fact, and also upon questions of law arising under the pleadings during the trial. Motion denied. Plaintiff appeals only from the order refusing the new trial.

*R. T. Sprague,* for Appellant.

I.   The Court will review the whole case on this appeal.

Hanscom *v.* Tower.

II.   The demurrer to the answer ought to have been sustained, because it does not aver that the evidence of indebtedness sued on was set out or described with any degree of certainty in respondent's schedule.

III.   The Court erred in admitting the record of respondent's proceedings and discharge in insolvency in evidence.   The record of proceedings and discharge in insolvency is the only competent evidence to sustain a plea of discharge in insolvency as a bar to an action upon the evidence of indebtedness sued upon, and whether such evidence of indebtedness is sufficiently described and identified in the schedule to constitute a bar to the action, is a question of law for the Court to determine upon inspection of the record.   And if such evidence of indebtedness is not described and set out accurately in the schedule of liabilities, the Court should exclude the record as incompetent to establish the plea of discharge. ( *Slade* v. *His Creditors,* 10 Cal. 483.)

IV.   The record of the proceedings in insolvency shows that at the time defendant's petition and schedule were filed, plaintiff was a resident of the State of Maine, and that no attorney was appointed by the Court to represent him.   Hence the proceedings were *coram non judice,* and void as to appellant.   (Wood's Dig. 501, 35.)

*E. Garter,* for Respondent.

I.   This is an appeal from an order refusing a new trial, and not from the judgment rendered on the trial ; and the statement of the grounds of the motion for a new trial does not specifically allege any of the objections taken by the demurrer to the answer. The appellant must rely on the grounds taken on the motion for a new trial.   If the demurrer was improperly overruled, an appeal should have been taken from that decision, which cannot be reviewed on this appeal.   The judgment roll will not be reviewed, as there is no appeal from the judgment.   ( *Lower* v. *Knox,* 10 Cal. 481.)

Two questions of error, and no more, are taken in the motion for a new trial : 1st, that the Court admitted improper evidence ; 2d, that the Court erred in its finding of facts upon the evidence, and

also upon the questions of law arising under the pleadings. The balance of the statement is merely a reference to the record and papers on file in the action, as a means by which to determine the questions of error raised upon the two points taken in the statement for a new trial, and if the Court did not grossly err and abuse a sound legal discretion, this Court will not disturb its decision refusing a new trial.

II.    The point as to the nonresidence of plaintiff was not taken on the trial, and was not made a ground for a new trial, and cannot now be considered in the review of this case. But it makes no difference under the provisions of the statute whether a creditor be a resident or a nonresident of this State, for the purposes of a discharge from the debts of the insolvent.

The proceedings for the purpose of obtaining jurisdiction of the subject matter thereof are the same. (Wood's Dig. 496, sec. 1 to 8.) The notice to all the creditors, nonresidents and residents, is the same, (sec. 8) and when the provisions of those sections of the statute have been complied with, the Court has jurisdiction of the case, and a decree of discharge rendered therein, if erroneous, must be corrected on appeal, and cannot be attacked collaterally. (*Whitwell* v. *Barbier*, 7 Cal. 54; *Kohlman* v. *Wright*, 6 Id. 230.)

But it is maintained in the demurrer to the answer—which we maintain is not now before this Court for a review—that the proceedings in insolvency, which were pleaded as a bar to this action, do not show that an attorney was appointed by the Court for appellant as a nonresident creditor, and that therefore the debt in question was not barred by the respondent's decree of discharge.

Upon this point the respondent maintains, first, that there is no appeal taken from this decree, and the judgment roll cannot be reviewed. (*Lower* v. *Knox*, 10 Cal. 480; and other cases decided by this Court.) Second, the answer sufficiently alleges the fact, if such an allegation were necessary. Third, the presumptions are all in favor of the Court's having done everything regularly, after having acquired jurisdiction of the subject matter of the proceedings. The appointment of an attorney was not a step necessary to acquire jurisdiction, therefore it was not necessary to allege the fact in the defense. (1 Greenl. Ev. sec. 19; *Taylor* v. *Williams*, 20 Johns. 21; *Stanton* v. *Ellis*, 16 Barb. 321; *Cole* v. *Stafford*,

Hanscom *v.* Tower.

1 Caines, 249 ; *Cunningham* v. *Bucklin*, 8 Con. 178 ; Cowen & Hill's Notes to Philips' Ev. part 2, 139, *et seq.*)   Fourth, it was not necessary for the Court to appoint an attorney for appellant in those proceedings.   The provisions of the statute which direct the appointment of an attorney for a nonresident creditor, evidently contemplate that shall be done only in cases where there are assets to be distributed.   Section thirty-five of the act seems to contemplate such a case, which directs among other things : " but the fees of said attorney shall in no case be paid by the mass of the creditors, but shall be levied on the amount of the sums which shall be recovered for the account of such nonresident creditor, at the rate of ten per centum."

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

The appeal from the order refusing a new trial brings up the whole record, and there is nothing in the point that error cannot be assigned upon the judgment roll.   The objections to the answer are met by the fifty-ninth section of the Practice Act, which reads as follows : " In pleading a judgment, or other determination of a Court or officer of especial jurisdiction, it shall not be necessary to state the facts conferring jurisdiction ; but such judgment or determination may be stated to have been duly given or made.   If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction."   It was sufficient, under this section, to allege that a judgment had been duly rendered discharging the defendant from the demand sued upon, and whether this demand was sufficiently described was a matter of evidence, to be determined at the trial upon the inspection of the record.   But whether, as a matter of fact, the description in this case was sufficient, it is unnecessary to inquire ; for there is another conclusive reason why the discharge cannot be relied upon as against the plaintiff.   When the proceedings in insolvency were instituted, he was a resident of the State of Maine, and that fact was set forth by the defendant in the schedule of his indebtedness. The statute provides that " if there be any creditors residing without the limits of this State, the Judge shall appoint an attorney to

represent them ; " and a compliance with this provision is necessary to give validity to the discharge, as against such creditors. The fact of the appointment must appear in the record, and cannot be shown by evidence *aliunde.* It is a jurisdictional matter, and whatever is essential to the jurisdiction in such cases must appear upon the face of the proceedings. There is nothing in this case to show that an attorney was appointed to represent the plaintiff, and as he did not voluntarily appear and submit himself to the jurisdiction, the discharge, as to him, must be regarded as *coram non judice.*

Judgment reversed, and cause remanded for a new trial.