[No. 2,317.]

FRANCIS BORNHEIMER v. ELIAS J. BALDWIN, THOMAS MAHONEY, F. METZGER, AND D. E. DICKINSON.

APPEAL FROM JUDGMENT, IF TOO LATE, NOT SAVED BY APPEAL FROM NEW TRIAL ORDER.—An appeal from a final judgment must be taken within one year from its rendition. The pendency of an appeal from an order denying a new trial in the same case will not operate to prolong the time for an appeal from the judgment.

FAILURE TO PERFECT AN APPEAL WILL NOT DEFEAT A SECOND APPEAL OTHERWISE WELL BROUGHT.—Where an appeal from an order denying a new trial was not perfected, and afterwards, but within sixty days from the order, a second appeal was taken and perfected: held, that the failure to perfect the first did not defeat the second appeal.

DECLARATIONS OF WIFE, ACTING AS AGENT, WHEN NOT PART OF RES GESTÆ, HEARSAY EVIDENCE.—In an action by Bornheimer against Bald-

win, for an undivided interest in land, alleged to have been purchased on joint account and partly with money borrowed by Mrs. Bornheimer and handed to her by Baldwin: *held*, that the statements of Mrs. Bornheimer to a third person, to the effect that she was borrowing money to pay Baldwin, were hearsay, and their admission against defendants' objections (though called out by questions of the Court) was error.

ON APPEAL FOR EXCLUSION OF TESTIMONY THE RECORD SHOULD SHOW WHAT THE TESTIMONY WAS.—The exclusion of testimony in the Court below cannot be held error on an appeal, when the record fails to give such a statement of the excluded testimony as will enable the appellate Court to see whether it was admissible, or that appellant was injured by its exclusion.

BAD FAITH IN ENTRY CANNOT BE SET UP BY ONE TENANT IN COMMON AGAINST ANOTHER.—In an action of ejectment by one tenant in common against another, the latter cannot invoke the maxim, *Ex dolo malo non oritur actio*, nor defend upon the ground that he and plaintiff entered upon the premises wrongfully in the first instance.

TENANT IN COMMON CANNOT ASSAIL THE COMMON TITLE.—A tenant in common, entering and remaining in possession as such, cannot, as against his cotenant, assail the common title, or call its validity in question.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

This was an action of ejectment for an undivided half of a tract of land in the City and County of San Francisco, bounded by Grove, Webster, and Haight streets, and a line seventy-one and a half feet east of Fillmore street, excepting therefrom block two hundred and ninety-nine. The case was tried before a jury, and resulted in a verdict and judgment for plaintiff. A motion for new trial having been denied, defendants appealed from the judgment and order.

The dates and facts bearing upon the points decided are stated in the opinion.

*Sharp & Lloyd,* for Appellants.

There was error in the admission of Sherman's testimony as to Mrs. Bornheimer's declarations about what she wanted money for. Such declarations were no part of the *res gestæ*, they were mere hearsay. (1 Phil. on Ev. 152, Cowen &

Hill's notes.)   The fact in controversy was, whether Born-heimer had paid certain money to Baldwin.   On this question there was a direct conflict between Mrs. Bornheimer and Mr. Baldwin, and this evidence was therefore important, not only for its direct effect in the case, but for its effect upon the jury, in considering Baldwin's credibility.

The plaintiff pretended that there was a contract between him and defendant Baldwin to jump the land for joint benefit, and wrongfully take it from another person.   Defendant Baldwin denied any such contract; but the Court below instructed the jury that if they found such a contract, and an entry thereunder and an ouster, they should find for plaintiff.   Such a contract, if one had been made, would be void, as illegal and against public policy.   When parties to such a contract come into Court to ask its enforcement it will refuse its aid.   (*Russell* v. *Wheeler*, 17 Mass. 287; *Shiffner* v. *Gordon*, 12 East, 304; *Belden* v. *Pilken*, 2 Caines, 149; *Doolin* v. *Ward*, 6 Johns. 194; Add. on Cont. 149; *Valentine* v. *Stewart*, 15 Cal. 185; *Swain* v. *Cherpening*, 20 Cal. 185.)

*E. A. Lawrence,* for Respondent.

The appeal from the judgment was not taken until nearly a year and seven months after the rendition of the judgment; and it should, therefore, be dismissed, the proper exceptions having been filed.

There were two notices of appeal from the order refusing a new trial.   Both notices are from the same order, and the first one is the only one that can be noticed.   The plaintiff had accepted that one by refusing to require the sureties to justify; and no notice was given to him that such appeal would be abandoned, or reason stated why the second one was taken.

The proceeding on appeal is an independent proceeding, like a motion for new trial, and when once put in motion must be prosecuted or abandoned.   It cannot be disre-

garded, when it suits the convenience of counsel to do so. (*Leroy* v. *Rassette*, 32 Cal. 171; Prac. Act, Sec. 337; *Hastings* v. *Halleck*, 10 Cal. 31.)

The question put by the Court to the witness Sherman was rendered necessary, in the mind of the Court, on account of the previous testimony, which was not objected to, and defendant did not move to strike out. The Court has a right, when testimony is left in doubt by the examination of either counsel, of its own motion, to put such questions to the witness as will remove the doubt, so that the jury will not be misled or imposed upon, by considering that as testified to which was not testified to by the witness. And such questions are not the subject of exception on either side, unless there has been a gross abuse of discretion, to the prejudice of the party excepting. The question was really put for the benefit of the excepting party, and the answer was really for his advantage, and not to his prejudice.

The objection to the exclusion of Mrs. Bornheimer's testimony in the Police Court is not available, because the offer was not specific. It does not appear what she said, but simply that she had said something inconsistent with her testimony here. Whether that something was material, or was said to the defendant, or when it was said, or where it was said, or how it had any relevancy to this case, is not disclosed by the record. (*Roberts* v. *Unger*, 30 Cal. 676.)

*Sharp & Lloyd*, for Appellant, in reply.

The motions to dismiss the appeals are disposed of by the decisions in *Hanscom* v. *Tower*, 17 Cal. 518, and *Walden* v. *Murdock*, 23 Cal. 541; and the cases of *Marziou* v. *Roach*, 8 Cal. 522; *Carpentier* v. *Williamson*, 25 Cal. 167; and *Wagenheim* v. *Cook*, 35 Cal. 216.

By the Court, WALLACE, J.:

A judgment for the plaintiff was rendered in the Court below on the 7th day of May, 1868; and on the 30th day of November, 1869, an order was entered denying the motion of the defendant for a new trial.   On the 2d day of December, 1869, the defendant filed and served a notice of appeal from the judgment and order; and on the fourth day of the same month he filed an undertaking as upon appeal from the judgment only, but did not, within the prescribed time, file an undertaking upon appeal from the order.   On the 20th day of December, 1869, the defendant filed and served another notice of appeal, in all respects, except its date, the same as the first one; and on the same day filed an undertaking upon appeal, in due form of law, from both judgment and order.

The respondent moves to dismiss the appeal from the judgment, because it was not taken within one year after its rendition.   It is insisted, for the appellant, that the motion must be denied, because of the appeal pending from the order.   The cases of *Hanscom* v. *Tower*, 17 Cal. 518, and *Walden* v. *Murdock*, 23 Cal. 540, are cited in support of this position.   They have, however, no applicability to the question in hand.   There was no motion made in either of them to dismiss an appeal from the final judgment; indeed, in *Hanscom* v. *Tower* no appeal from the judgment had been attempted.   The point of practice decided in each of them was, that through the instrumentality of an appeal from the order denying a new trial, this Court would review the error appearing on the judgment roll.

The statute regulating appeals from final judgments as such, requires them to be brought, if at all, within one year. This limitation is peremptory.   Neither the pendency of an appeal from an order denying a new trial, nor any other cir-

cumstance, can operate to prolong it; and the motion of the respondent in that respect must, therefore, prevail.

The respondent also objects to the review by this Court of the order denying the new trial, because of the failure to perfect the first appeal taken from the order. There is nothing in this objection. The second appeal was taken and perfected within the time required by the statute, and it has not provided that a failure to perfect the first appeal should be held to defeat a second otherwise well brought. In this respect lies a distinction overlooked by counsel in argument, the distinction between a failure to perfect an appeal taken, as here, and a failure to file a statement or affidavits in support of a motion for a new trial after notice of intention given, as in *Leroy* v. *Rassette*, 32 Cal. 171; for there the statute provides, in terms, that "if no affidavit or statement be filed within five days after the notice  *  *  * the *right* to move for a new trial shall be deemed *waived*."

The principal issue determined on the trial, which was had before a jury, arose upon an allegation of the plaintiff that he was a tenant in common with the defendant Baldwin of certain lands in the possession of the latter. This alleged tenancy in common was denied by the defendant. The general features of the case, as presented by the plaintiff, were that he and the defendant Baldwin made an agreement to enter upon and hold these lands as tenants in common, and for their equal benefit—each to contribute his share towards the expenses of the common occupation; that the agreement was carried into execution, and the premises taken into possession; that he contributed towards the expenses thereof—having advanced the defendant, at one time and another, several hundred dollars in all for that purpose— the general business, including the furnishing of the money, being mostly, if not altogether, transacted upon his part by his wife, who testified as witness on the trial to several interviews between herself and Baldwin—some before but

most of them after occupation began—in all of which the latter, as she stated, admitted the tenancy in common, etc. It of course becomes of great importance, in view of the general circumstances of the case, to establish that these advances in money had in truth been made to the defendant Baldwin, by or on behalf of the plaintiff, in pursuance of the alleged agreement, and as his share of the expenses of holding the possession of the premises. In the course of her cross-examination, Mrs. Bornheimer had stated that a portion of the money she had so advanced to Baldwin she had borrowed from Sherman, a son-in-law of hers, in several sums, at different times, amounting to some one hundred and sixty-five dollars. Sherman, subsequently testifying for the plaintiff, was asked the following question by the Court: "State whether or no, at any time while Mrs. Bornheimer was occupying block two hundred and ninety-nine, she borrowed any money from you, at the same time making a statement as to what use she intended it for?" To this question the defendants' counsel made objection, as being incompetent, and because the evidence it sought to elicit would be hearsay.

The objection was overruled, and the witness answered, in substance, that she had told him that she was borrowing money to pay Baldwin, when she applied to witness for it.

The question, the answer, and the ruling of the Court upon this point appear clearly enough in the record, and there can be little doubt that the Court erred in overruling the objection of the defendants. Sherman's testimony as to what his mother-in law said to him is, in its nature, hearsay, and is, therefore, inadmissible, unless falling within some one of the exceptions to the general rule on that subject. That Mrs. Bornheimer lived at the time on block two hundred and ninety-nine, as assumed by the Court in

the question put, is of no significance, for that block is no part of the property in controversy; but if it had been in controversy, the question would have nevertheless been inadmissible. That the declaration made by her to him, and of which he was permitted to testify, was made in connection with the borrowing of money by her from him, is of no more significance upon the point. Her declarations so made were not part of the *res gestæ*—they did not tend to elucidate or explain any fact or thing done, or assumed to have been done, in the case.

The *res* here—the thing done or claimed to have been done—was the furnishing of the money to Baldwin, and its receipt by him from Bornheimer; where Mrs. Bornheimer obtained it, or how, and consequently what she said when she got it, was, under the circumstances of the case, of no consequence whatever, and should have been excluded.

The offer by the defendants to prove what Mrs. Bornheimer testified to in the Police Court was properly excluded—at least, there is no such statement of the facts desired to be proven as would enable this Court to see that they were, in themselves, admissible, or that the defendant was injured by the exclusion of the testimony offered.

If the case of the plaintiff be otherwise established, the defendant cannot defeat it by the application of the maxim, *Ex dolo malo non oritur actio*, nor set up in his defense that both he and the plaintiff entered upon the premises wrongfully in the first instance. Upon well-settled principles he cannot be permitted, if entering and remaining in possession as a tenant in common, to assail the common title or call its validity in question.

The appeal from the judgment is dismissed; the order denying a new trial is reversed and cause remanded.

Mr. Chief Justice RHODES did not participate in the foregoing decision.