[No. 3,058.]

E. A. LAWRENCE *v.* JACOB E. WEBSTER AND J. E. WORDEN.

EJECTMENT BY LANDLORD AGAINST TENANT.—The provision in the fourteenth section of the Statute of Limitations, that the possession of the tenant shall be deemed the possession of the landlord, does not apply when the tenant acquired another title five years before the commencement of the suit, or has held adversely to the landlord for five years before the commencement of the suit.

IDEM.—If the tenant acquired another title five years before the commencement of suit by the landlord, or has held adversely to him more than five years, the landlord in ejectment must rely on title, exclusive of the lease.

PLAINTIFF IN EJECTMENT.—The plaintiff in ejectment cannot recover on the ground that a purchase made by the defendant should, in equity, inure to his benefit, but must rely on legal title.

APPEAL from the District Court of the Fifteenth Judicial District, Contra Costa County.

This action was commenced on the 16th of June, 1868. The Court below rendered judgment for the defendants, and the plaintiff appealed.

The other facts are stated in the opinion.

*E. A. Lawrence, in pro per.,* for Appellant.

Defendants entered under Lathrop, who was tenant of Leonard, and hence cannot deny his title and set up adverse claim until they surrender possession. (*Tewksbury* v. *McGraff,* 33 Cal. 237; *Anderson* v. *Parker,* 6 id. 197; *Wilson* v. *Cleveland,* 30 id. 192 ; *Rose* v. *Davis,* 11 id. 133 ; *Phelan* v. *Kelley,* 25 Wend. 389; *Jackson* v. *Struter,* 5 Cow. 529.) Defendants cannot controvert the allegations of their grantor's deed, "as tenant in common." (*Simpson* v. *Eckstein,* 22 Cal. 580.)

*Thomas A. Brown,* for Respondents.

Even if we were to admit that Lathrop received the possession of the premises from Leonard, and entered under the lease, and that the relation of landlord and tenant was created between Leonard and Lathrop by the lease, and that the possession of Lathrop should be presumed to be the possession of Leonard, his lessor, such presumption did not and could not exist, and should not be indulged after the expiration of five years from the period fixed for the termination of the lease, or after the expiration of five years after the last payment of rent. (2 Hittell, Art. 4356.) In this case the lease expired, by its terms, on the 1st of October, 1868, more than nine years prior to the commencement of this

action.   The last payment of rent, as testified to by Leonard, was made on the 1st of October, 1861, more than six years prior to the commencement of this action.

By the Court, RHODES, J.:

This is an action of ejectment, for the recovery of a tract of land in Contra Costa County, known as the "Esperanza Rancho."   Ynocencio Romero and his two brothers claimed the "Romero Sobrante," which included the lands in controversy; and in 1852 Ynocencio Romero executed to one Wood a deed, purporting to convey the lands in controversy. The undivided half of the interest thus conveyed vested by mesne conveyances in Leonard, the plaintiff's grantor, and the other undivided half, also by mesne conveyance, vested in Lathrop, the defendant's grantor.   Thereafter Leonard executed to Lathrop a lease of the undivided half of the premises for the term of one year, commencing October 1st, 1857. The last payment of rent was made in 1861 or 1862.   The defendants entered in 1861, but they had no knowledge of the lease.   The claim of the Romeros was adjudged to be invalid by the Board of Land Commissioners and the District Court; and on appeal to the Supreme Court of the United States the decree of the District Court was affirmed, at the December Term, 1863.

The title to the Rancho San Ramon, which includes the lands in controversy, was confirmed to Carpentier and others; and in 1866 a patent was issued to the confirmees in pursuance of the decree of confirmation.   A contract was entered into, in 1865, between Carpentier and certain persons, among whom was McNair, for the sale of the rancho; and it was thereby agreed that the purchasers might take immediate possession of the rancho.   McNair, in 1866, conveyed the premises in controversy to Webster & Worden, two of the defendants.

It thus appears that the plaintiff acquired no title whatever by means of the deed from Leonard; but he relies for a recovery of the possession of the premises and damages, upon the lease from Leonard to Lathrop, and the fact that the defendants entered into the possession of the premises under their conveyance from Lathrop. The fourteenth section of the Statute of Limitations provides, that whenever the relation of landlord and tenant shall have existed, the possession of the tenant shall be deemed the possession of the landlord, until the expiration of five years from the termination of the tenancy; or when there has been no written lease, until the expiration of five years from the time of the last payment of rent, notwithstanding that such tenant may have acquired another title, or may have claimed to hold adversely to his landlord. "But," it is further provided, "such presumption shall not be made after the periods herein limited." The effect of the latter clause of the section, in limiting and cutting off at the periods mentioned the presumption that the possession of the tenant is the possession of his landlord, is to require the landlord, in case the tenant has acquired another title or has held adversely to him, to rely upon title exclusive of the lease. He cannot recover on the lease alone, as he might have done before the expiration of those periods, but he must prove title in the same manner that he would be required to do had there been no lease. Here the evidence clearly shows that the defendants have acquired another title—that is to say, the right of possession under the contract for the sale of the San Ramon Rancho, and that since their entry in 1861 they have held adversely to Leonard and the plaintiff. The plaintiff, as before remarked, proved no title whatsoever.

The plaintiff also relies upon the proposition, that the purchase by the defendants of an interest in the title to the San Ramon Rancho, inured to his benefit. Whether the proposition be based on the tenancy in common subsisting between

Leonard and the defendants, in respect to the interest acquired under the deed from Romero, or on the fact that the defendants became the tenants of Leonard of his undivided half of the premises, it cannot be sustained in this case. The plaintiff, under the pleading in this case, must rely on legal title; and if he seeks to obtain the benefit of the purchase which the defendants have made, he must resort to a Court of equity, where all the matters relating to the transaction may be investigated, the expenses attending the purchase be properly apportioned, and the title acquired by the defendants, or some portion of it, be transferred to the plaintiff, if it be found that in equity the purchase inured to his benefit. These matters cannot be adjudicated in an action at law.

Judgment and order affirmed.