[No. 6,104.]

## OLNEY v. SAWYER ET AL.

| 54 | 379 |
|----|-----|
| 80 | 373 |

TENANTS IN COMMON—ESTOPPEL—EJECTMENT.—Tenants in common, in possession as such, cannot assail the common title, or call its validity in question. *Held*, accordingly—in an action by one tenant in common against others, to be let into possession—that the defendants could not justify an ouster of the plaintiff, by setting up an outstanding title, (though it might be the true title) purchased by them while in possession under the common title; though they might assert their new title in an appropriate action, after letting the plaintiff into possession.

APPEAL from a judgment for the defendants, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*Robinson, Olney & Byrne*, for Appellants.

The rule that he who enters into possession of land is estopped from denying the title under which he entered, is of almost universal application, and has been applied again and again to tenants in common. (*Phelan* v. *Kelly*, 25 Wend. 389; *Knolls* v. *Barnhart*, 71 N. Y. 474; Freeman on Cotenancy, § 152; *Bornheimer* v. *Baldwin*, 42 Cal. 34; *Weaver* v. *Tribble*, 25 Pa. St. 271; *Lloyd* v. *Lynch*, 28 Id. 422; *Keller* v. *Auble*, 58 Id. 410; *Iddings* v. *Karns*, 2 Grant, 88; *Williams* v. *Gray*, 3 Green, 207; *Frenz* v. *Klotch*, 28 Wis. 312; *Gaines* v. *New Orleans*, 6 Wall. 715; *Brown* v. *Homan*, 1 Neb. 448; *Funk* v. *Newcomer*, 10 Md. 302; *Buchanan* v. *King*, 22 Grat. 414.)

It does not appear in *Lawrence* v. *Webster*, 44 Cal. 388, whether the defendants entered as tenants in common; but it is clear that the Statute of Limitations had run in their favor; and so the Court decides.

*E. A. Lawrence*, for Respondents.

In ejectment, the legal title must prevail, even between tenants in common. (*Lawrence* v. *Webster*, 44 Cal. 385.) Plaintiff could have no standing in equity, because he did not offer to pay for the Carter title. (*Mandeville* v. *Solomon* 33 Cal. 38.)

Department No. 2, THORNTON, J.:

This action was brought by Olney against Sawyer and Baugh, to recover possession of a lot of land situate in the City and County of San Francisco. Judgment was rendered for defendants on the findings, from which plaintiff prosecutes this appeal, on the ground that the facts found do not support the judgment.

The Court found that in September, 1866, one Charles D. Carter was the owner and in actual possession of the portion of land in controversy described in the finding; that on the 13th day of April, 1867, one W. M. Dowling intruded into such possession, and ousted Carter therefrom; that on the 8th day of May, 1867, Dowling conveyed the premises to William Winter and Simon Sawyer, (defendant), at the same time having entered into an agreement with Winter and Sawyer that he should remain in possession of the premises as their tenant. The Court further found, that Dowling did remain in possession of the premises, as tenant of his grantees, until the 26th of October, 1870, when he surrendered possession to the defendants, who have ever since been in possession; that on the 30th of September, 1869, Winter conveyed his interest in the lot sued for to Herman Wendt; that on the 18th of April, 1873, Wendt conveyed the same interest to George Brown; that on the 6th of October, 1873, Brown conveyed the same to plaintiff; that the second and third deeds just above mentioned were not recorded; that defendant Sawyer, on the 3rd of July, 1867, conveyed his interest in the premises to Paul Carns; that on the 3rd of November, 1869, Carns conveyed the same interest to defendant Sawyer and E. A. Lawrence; that defendant Sawyer conveyed to defendant Baugh on the 4th of April, 1870; that E. A. Lawrence conveyed to John. R. Greenough on the 8th of December, 1870, and Greenough on the 21st of December, 1870, conveyed to defendant Sawyer; that on the 30th of November, 1870, Charles D. Carter conveyed his interest in the parcel of land to defendant Baugh, and on the 3rd of December, 1870, Baugh conveyed one-half of the interest derived from Carter to E. A. Lawrence.

That plaintiff, or those through whom he claims, never offered to repay defendants any portion of the money which they had paid for the interest of Carter; nor did the defendants, or either of them, or E. A. Lawrence, ever notify plaintiff or his grantors of the purchase from Carter, or demand contribution therefor; but it is found that their deeds of conveyance were duly recorded. That before the complaint was filed, plaintiff demanded to be let into possession of the lot as a tenant in common with defendants, and was refused.

At the time of the purchase and conveyance from Carter by Baugh, he, with defendant Sawyer, was in possession and holding possession. They obtained possession by the surrender of it to them by Dowling on the 26th of October, 1870, at which time Dowling was the tenant in possession, and holding possession for defendants and their cotenants in common. Herman Wendt, under whom the plaintiff claims, was then a cotenant in common with the defendants, to whom the surrender was made.

The entry of Baugh and Sawyer, as found, under one holding possession for all the tenants in common, was as tenants in common. It does not appear that they at that time disclaimed that relation, or that they entered in hostility to their cotenants. (*Wright* v. *Sperry*, 21 Wisc. 337.) We are satisfied that Baugh and Sawyer were there holding possession for themselves and Wendt, and that Wendt should be regarded, under the circumstances, as having been in possession with them, on the 30th day of November, 1870, when the conveyance to Baugh by Carter was executed.

In this state of the case, the question arises whether, where two or more tenants in common are in possession of land, claiming it as their own, one of the tenants in common can purchase an outstanding title, and use it to keep out of possession his cotenant? Such is the question presented here for our consideration and determination.

It is contended on behalf of plaintiff, that the defendants cannot, under the facts appearing in the case, set up the title acquired from Carter, which is found to be *the true title* to the lot sued for. To sustain this contention, we are referred to the

case of *Bornheimer* v. *Baldwin*, decided by the late Supreme Court at the October Term, 1871, and reported in 42 Cal. Reports, at p. 27. In this case it was held that the defendant could not be permitted, "if entering and remaining in possession as a tenant in common, to assail the common title or call its validity in question." (42 Cal. 34.)

To sustain the opposite view, counsel for defendants cite the case of *Lawrence* v. *Webster*, 44 Cal. 385. This case was decided at the October Term, 1872, and in it one tenant in common was allowed against another to assail the common title, and call its validity in question, by using to protect his possession an outstanding title which he had purchased. In the opinion in this case, no reference was made to *Bornheimer* v. *Baldwin*, nor does it appear from the meager report of the argument of the cause, that it was alluded to in any way by counsel.

It will be seen, on examination, that there was a fact in *Bornheimer* v. *Baldwin* entirely absent in *Lawrence* v. *Webster*. In the first case, (*Bornheimer* v. *Baldwin*) the defendant assailing the common title is treated as occupying the status of a tenant in common, entering and remaining in possession as such tenant. In the latter case, (*Lawrence* v. *Webster*) it does not appear that the defendants who set up the outstanding title were in possession, in any way acknowledging such relation to exist. The Court, in its judgment, obviously treated the status of the defendants as one of a mere tenancy in common, arising by operation of law on the conveyances introduced in evidence, unaccompanied by any acknowledgment that they held possession as such. On the contrary, the case shows the possession of defendants to have been held from its inception in hostility to any such relation.

An examination of the case, (*Lawrence* v. *Webster*) as stated by the Court, shows the correctness of this view. The action was ejectment for a tract of land in Contra Costa County, known as the "Esperanza Rancho." Ynocencio Romero and his two brothers claimed the "Romero Sobrante," which included the lands sued for; and in 1852, Ynocencio executed a deed to one Wood, which purported to convey the lands in controversy. The undivided half of the interest thus conveyed vested by

mesne conveyances in Leonard, the grantor of·plaintiff, and the other undivided half by mesne conveyances became vested in Lathrop, the grantor of defendants. Subsequently Leonard executed to Lathrop a lease of an undivided half of the premises for the term of one year, commencing October 1st, 1857. The last payment of rent was made in 1861 or 1862. The action was commenced on the 16th of June, 1868. The defendants entered in 1861, but they had no knowledge of the lease. The claim of the Romeros was held invalid by the Board of Land Commissioners and the District Court; which judgment was, on appeal, affirmed by the Supreme Court of the United States, at the December Term, 1863. A decree of confirmation was made to Carpentier and others of the Rancho San Ramon, which included the land sued for, and in pursuance of this decree, a patent was in 1866 issued to the confirmees. In 1865, a contract for the sale of the Rancho San Ramon was entered into between Carpentier and certain persons, of whom one was McNair, and it was thereby agreed that the purchasers might take immediate possession of the rancho. In 1866, McNair conveyed the premises in controversy to two of the defendants, Webster and Worden. This is a full statement of the facts of this case, as shown in the report.

The plaintiff, in support of his right to recover, took two positions, which he endeavored to maintain. In the first place he relied on the lease executed by Leonard (his grantor) to the grantor of the defendant Lathrop, and the fact that the defendant entered under their conveyances from Lathrop. Secondly, that by virtue of the tenancy in common existing between him and the defendants, the purchase by the defendants of the title from Carpentier inured to his benefit. The Court proceeds to consider and dispose of the first proposition. This it does by virtue of the provisions of the 14th section of the Statute of Limitations then in existence (identical with § 326 Code Civ. Proc.) It holds that, under this section of the statute, the plaintiff could not rely on the lease upon the facts as they are made to appear, but must prove title in the same manner that he would have been required to do had there been no lease. "Here," said the Court, "the evidence clearly shows that the

defendants have acquired another title—that is to say, the right of possession under the contract for the sale of the San Ramon Rancho—and that, since their entry in 1861, they have held adversely to Leonard and the plaintiff."

The Court came to the conclusion that the plaintiff having proved no title at all, the lease did not aid him, under the circumstances as they existed, in maintaining a right to recover. In relation to the second proposition stated above, the Court uses this language : " Whether the proposition be based on the tenancy in common subsisting between Leonard and the defendants in respect to the interest acquired under the deed from Romero, or on the fact that the defendants became the tenants of Leonard of his undivided half of the premises, it cannot be sustained in this case. The plaintiff, under the pleadings in the case, must rely on legal title ; and if he seeks to obtain the benefit of the purchase which the defendants have made, he must resort to a Court of Equity, where all the matters relating to the transaction may be investigated, the expenses attending the purchase be properly apportioned, and the title acquired by the defendants or some portion of it, be transferred to the plaintiff, if it be found that in equity the purchase inured to his benefit. These matters cannot be adjudicated in an action at law."

In the case before us it does not appear that the defendants held adversely, or that they in any way or mode denied the existence of a tenancy in common until the refusal to let plaintiff into possession on the day this action was begun, in which tenancy Wendt, under whom plaintiff in this action claims, was a tenant in common with them. On the contrary, they acquired the title from Carter, when in possession acknowledging the cotenancy, their cotenant having no knowledge of any such purchase or conveyance. The case, as presented, it appears to us, comes within the rule laid down in *Bornheimer* v. *Baldwin.*

It is contended on behalf of the respondents, that the rule as declared in *Bornheimer* v. *Baldwin* is an *obiter dictum.* We cannot so regard it. The question appears to have been made on the argument by the appellants, and urged as a reason why the judgment should not be allowed to stand, that the respond-

ent (plaintiff below) based his right to recover on an immoral contract, under the terms of which contract the tenancy in common claimed by plaintiff was attempted to be made out. On a tenancy in common thus created, the appellants argued that a recovery should not be had, and as the judgment rested on such a tenancy in common, that it should be reversed.

The Court doubtless concluded, and properly concluded, that as the cause was to go to a new trial, it was proper to settle the law as to this question, which would arise on such new trial; and in reply to this position used this language at the close of the opinion: "If the case of the plaintiff be otherwise established, the defendant cannot defeat it by the application of · the maxim *En dolo malo non oritur actio*, nor set up in his defense that both he and the plaintiff entered upon the premises wrongfully in the first instance. Upon well-settled principles, he cannot be permitted, if entering and remaining in possession as a tenant in common, to assail the common title or call its validity in question." (42 Cal. 34.) We do not feel at liberty to disregard this decision.

The defendants cannot then use the title acquired from Carter to keep the plaintiff out of the possession of the interest which he has derived from Wendt, to all of whose rights he has succeeded. When the plaintiff has been so let into possession, defendants will then be at liberty to make their title available by an appropriate action.

The judgment will be reversed, and the cause remanded, with directions to enter a judgment for plaintiff on the findings, for an undivided half of the lot sued for. So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.