BECKMAN, Administrator of GEDDES, Deceased, *v.* Mc-KAY.

In suit by an administrator against defendant, for conversion of the property of the estate, under the 116th Section of the statute to regulate the settlement of estates, the proof, as to the right, or title, or possession, of plaintiff, and the taking or interference by defendant, being conflicting, it is error to instruct the jury that a mere demand on the defendant, and refusal by him to surrender the property, charge him with a conversion.

Where, in such suit by an administrator, the complaint averred the facts necessary under the statute to maintain the action, and the answer denied those facts, and the record in this Court does not contain the facts, but it is agreed by counsel

that the proof was conflicting, and the Court below instructed the jury that if they believed from the evidence, that defendant did receive the property mentioned in the complaint, belonging to the estate of G. deceased, and converted and appropriated to his own use, and refused to deliver the same when demanded, etc. they will find for plaintiff, and it is objected in the Supreme Court that this instruction was wrong, because it ignores all reference to the time of the alienation by defendant, whether before or after the issuing of letters of administration upon the estate of deceased; *held*, that there being no statement of facts, this Court cannot tell whether there was any discrepancy in the proofs, as to the time of alienation, assuming that there was such alienation; and that in favor of the judgment it must be presumed, unless there be direct evidence to the contrary, that the Court did not err in giving the instruction in this form, for there may have been no controversy as to the time of alienation, if any was made, though there might have been conflict in the proof as to the fact of alienation, and this the Court left to the jury.

APPEAL from the Fourteenth District.

The second and third instructions, though not inserted in the opinion, are of no importance.

*Henry Meredith,* for Appellant.

1. The fourth instruction given at plaintiff's request is against law. In every action of trover and conversion, if defendant's answer traverses the material allegations of the complaint, the plaintiff is required to prove: 1. His absolute or special property in, and his right of possession to, the chattels which constitute the subject of the suit. 2. The conversion by defendant; and, 3. The damage or the value of the chattels converted. (2 Saund. on Plead. and Ev. 2143; 3 Stephen's Ni. Pri. 2701.)

What constitutes *prima facie* evidence of conversion, is the question to be examined in determining the correctness of this fourth instruction. A conversion may arise either by a wrongful taking, or by some illegal assumption of ownership of the chattel, or by an unlawful application of it, or a wrongful detention. (1 Chitty's Plead. 153; 2 Saund. Plead. and Ev. 1155.) A conversion is presumed whenever a tortious taking, or an illegal disposal of the chattel, is shown. So a conversion is presumed whenever a willful detention or continuance of possession after demand legally made has been proven. But from proof of a demand, and a refusal without proof of possession, at any time, or of any nature, the law does not presume a conversion. (3 Stephen's Ni. Pri. 1705; Bull's Ni. Pri. 44; *Lockwood* v. *Bull,* 1 Cow. 330.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This action is in the nature of an action of trover and conversion, and is brought under the 116th Section of the statute "to regulate the settlement of the estates of deceased persons."

The section is as follows: "If any person, before the granting of letters testamentary or of administration, shall embezzle or alienate any of the moneys, goods, chattels, or effects, of any deceased person, he shall be liable to the action of the executor or administrator for double the value of the property so embezzled or alienated."

The facts are not set out in the record. The pleadings show averments on the part of the plaintiff of the facts necessary under the statute to maintain the action, and a denial of those facts by the defendant. Upon this issue it is agreed by the counsel there was conflicting proof—that of the plaintiff tending to maintain, and that of the defendant tending to disprove, the issue tendered by the plaintiff. Upon this state of proofs, the Court gave several instructions, the propriety of which the defendant, who is the Appellant here, questions by this appeal.

1. The first instruction is that if the jury believe, from the evidence, that the defendant did receive the property mentioned in the complaint belonging to the estate of William Geddes, deceased, and converted and appropriated to his own use, and refused to deliver the same when demanded, etc. that they will find for the plaintiff.

It is argued that this instruction was wrong, because it ignores all reference to the time of the alienation, whether before or after the issuing of letters of administration upon the estate of the deceased. But we cannot tell, from a want of the statement of facts, whether there was any discrepancy in the proofs as to the time of the alienation, assuming it to have been made. The instruction does not assume that there was such alienation. It leaves that matter to the jury. But the proof of plaintiff may leave no doubt or question as to the time, if the jury believed it. In favor of the judgment, it is to be presumed, unless there be direct evidence to the contrary, that the Court did not err in giving the charge in this form, for there may have been no con-

Beckman *v.* McKay.

troversy as to the time of alienation, if any was made, though there might have been a conflict in the proof as to the fact.

2. We think the second point not well taken.   The third instruction is hypothetical; the concluding portion refers, by fair construction, to the context, and means no more than to direct the jury to find a verdict for the plaintiff on the hypothesis of fact, of which they are made the judges.

3. It is not very easy to understand the fourth instruction, or the exact proposition of law it was designed to announce, or whether the charge was right or not in its relation to the facts. The charge is:

"That in actions of the nature and kind as the present one, after demand made for the property, and a refusal of the defendant to surrender the property or its value, the law presumes a conversion, and the burden of proof is on defendant to show that there is no conversion by him."

From the meager material of facts presented to us by the statement, or the substitute for it, we gather that there was some conflict of proof as to the manner in which the defendant came into possession of this property; and, probably, if the defendant came into possession innocently, and for a lawful purpose, or under a *bona fide* claim or color of right, or in ignorance of the title, the statute—which is penal in its character—would not be so construed as, by mere force of a demand, and refusal or inability of compliance, to bring the defendant within the penalty.

The patent error of the instruction, however, is in assuming that mere demand and refusal constitute a conversion in such cases as this; omitting the material ingredients of the right or title, or even possession by the plaintiff of the article, or the taking or interference by defendant.   It is agreed that the evidence was conflicting as to the title, and as to the taking by the defendant; of course, a mere demand on him would not be sufficient in such a case to charge him for a conversion, and yet the charge would seem so to declare.   We cannot say that the jury may not have been misled by this instruction.

Judgment reversed and new trial granted.