PHELAN v. THE CITY AND COUNTY OF SAN FRANCISCO.

THE doctrine that Courts of Sessions cannot, under the Constitution, be invested with any other than judicial functions, is firmly established by previous decisions, and is no longer open to discussion.

*Burgoyne* v. *Supervisors of San Francisco* (5 Cal. 9) and *Phelan* v. *The County of San Francisco*, (6 Cal. 531) commented upon and affirmed as to this point.

A ruling by the appellate Court upon a point distinctly made upon a previous appeal, is in all subsequent proceedings in the same case a final adjudication, from the consequences of which the Court cannot depart nor the parties relieve themselves.

*Davidson* v. *Dallas* (15 Cal. 75) affirmed on this point.

APPEAL from the Twelfth Judicial District.

The main facts out of which this case has arisen are stated in the report of the case of *Burgoyne* v. *The Supervisors of San Francisco* (5 Cal. 9).

The plaintiff is the assignee of one of the warrants there mentioned, and after the decision of that case, which was adverse to the legal rights of the holders of the warrants to recover against the county, commenced this action in the Superior Court of the City of San Francisco, asking judgment for the amount claimed, upon the alleged ground that the purchase by the Court of Sessions had been subsequently ratified by the Board of Supervisors of the county, and also a sale of the premises and application of the proceeds to pay the judgment. In the Superior Court plaintiff had judgment, and an appeal was taken to the Supreme Court, where the judgment was at the October term, 1856, reversed.

The report of the case, when first before this Court on appeal, will be found in 6 Cal. 531, and contains a statement of all the material facts up to that time, and the opinion of the Court upon the questions raised.

After the reversal of this judgment, the case was transferred to the District Court of the Fourth District, and afterwards to that of the Twelfth District.

An amended complaint was filed by plaintiff, the points of difference between which and the original are stated in the opinion. A demurrer to the amended complaint was sustained by the Court below, and plaintiff declining to further amend his complaint, final judgment was entered thereon in favor of the defendant. From this judgment the appeal is taken.

*Crockett & Crittenden,* for Appellant.

I. The decision in the case of *Burgoyne* v. *The Supervisors of San Francisco,* is not law.

A fatal error in the opinion in that case arose from a manifest misconception of the intention and effect of the first section of the third article of the Constitution, which declares that " the powers of the government of the State of California shall be divided into

three separate departments, the legislative, executive and judicial, and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases hereinafter expressly directed or permitted." By the very terms of this clause, the "powers" referred to are those of the government of the State of California, and none others — meaning those powers conferred and defined by the Constitution itself. And it is only those powers of the government of the State, "properly belonging" under the Constitution to one department, which are not to be exercised by any other department.

II. The previous decision of this Court is not conclusive upon the question of ratification.

In the opinion delivered in 6 Cal. 540, the Court did make use of the expression: "If, then, the original act was void, the ratification was equally void." But that expression is to be considered in connection with the case as then presented, and with the course of reasoning of which it was the result. It was there contended that the contract was voidable, but not void. This proposition the opinion overrules, and then assumes, without consideration or discussion, as a necessary consequence, that being void it could not be ratified—a conclusion not supported by reason or law. Certainly the Court did not intend so to determine in the case, or to express any binding opinion on that point. This is manifest from the subsequent language of the opinion, from which it appears that the Court did not consider the question necessarily involved, the acts relied upon not amounting to a ratification in fact.

*John H. Saunders*, for Respondent.

I. The decisions of this Court have been uniform and consistent, to the effect that a constitutional Court can exercise no other than judicial functions. (*The People* v. *Town of Nevada*, 6 Cal. 143; *Dickey* v. *Hulburt*, 5 Id. 343; *Charles* v. *Harrison*, 7 Id. 6; *Hardenburg* v. *Kidd*, 10 Id. 403; *Burgoyne* v. *Supervisors of San Francisco*, 5 Id. 9; *Phelan* v. *County of San Francisco*, 6 Id. 531.)

II. The question of ratification was made a distinct point upon

4

the former appeal, was discussed by counsel, and distinctly passed upon by the Court, and it is now the law of the case and cannot be reviewed.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This case grows out of the alleged purchase by the Court of Sessions of San Francisco county, in 1850, of a tract of land situated in the city of San Francisco, as a site for the buildings of the county. The purchase was the subject of elaborate consideration by this Court in *Burgoyne* v. *The Board of Supervisors of San Francisco*, (5 Cal. 9) which was an action brought upon the warrants for the payment of the purchase money. It was there held that the Legislature was incompetent to confer upon the Court of Sessions other than judicial functions, and that the jurisdiction of that Court was restricted by the Constitution to criminal cases alone ; and as a consequence, that the Act of 1850, so far as it authorized the Court to purchase real property for the use and benefit of the county, was unconstitutional and void. The judgment for the defendants upon the warrants was accordingly affirmed. In the present case the plaintiff seeks to avoid the ruling in that case by alleging a ratification of the purchase by the Board of Supervisors of the county, and with judgment for the amount claimed, asks a decree for the sale of the premises, and the application of the proceeds to its payment. Final judgment having passed for the plaintiff upon the demurrer interposed to the complaint, the case was brought to this Court on appeal. The ratification was alleged in the complaint to have been made by the neglect of the Supervisors to reconvey the premises to the vendors or their assigns, or to offer to reconvey them, and by their exercise of acts of owner-ship over and disposing of the property, or portions thereof. And it was contended that the Supervisors were authorized to ratify the purchase, and that the matters alleged amounted to a ratification. But this Court held, upon the authority of *Burgoyne* v. *The Supervisors of San Francisco*, that the original act of purchase was void; and further held, using in that particular hypothetical language, that if void, the ratification was equally void, and that if the origi-

nal contract was not void, but only voidable, the acts relied upon did not amount to a ratification in fact; and the judgment was accordingly reversed. After the return of the case to the Court below the complaint was amended, the amendment consisting, so far as it is deemed to be material, in the greater particularity with which the ratification is set forth; and in the allegation that the ratification was made with knowledge of the previous contract and acts of the Court of Sessions. As amended, the complaint first alleges that the Supervisors, with full notice and knowledge of the contract and acts mentioned, " assented to, affirmed and ratified "· the purchase, both by their acts and their dealings with the land, and by formal proceedings evidenced by their official records; and then proceeds to set forth such acts and proceedings. These consisted, according to the statement of the complaint, in the fact that the Supervisors did not reconvey or offer to reconvey the premises to the vendors, or to release any right or title acquired by the county under the deed from the vendors, but that they had retained possession and control of the premises, used the same and the buildings thereon for the purposes of the county, and had alienated a portion of the premises to the city of San Francisco for the use of the Fire Department, and had delivered possession of such portion. A demurrer interposed to the complaint thus amended was sustained, and the plaintiff waiving any right to further amend, final judgment was rendered for the defendant. It is from this judgment that the present appeal is taken.

The appellant now contends: 1st, that the decision in *Burgoyne* v. *The Supervisors of San Francisco,* which was followed in this · case when before the Court on the first appeal, (6 Cal. 531) is not· law and ought not to be sustained; and 2d, that if the decision be sustained, yet that the contract was ratified by the county, acting through its lawful authorities, the Board of Supervisors, and that the plaintiff is in consequence as fully entitled to recover as if the contract had been originally valid and binding.

1. Article three of the Constitution declares that " the powers of the Government of the State of California shall be divided into three separate departments—the legislative, the executive and the judicial—and no person charged with the exercise of powers prop-

erly belonging to one of these departments shall exercise any func-
tions appertaining to either of the others, except in the cases here-
inafter expressly directed or permitted." And the eighth section
of article six provides that " the County Judge, with two Justices
of the Peace, to be designated according to law, shall hold Courts
of Sessions with such criminal jurisdiction as the Legislature shall
prescribe." The decision in the case cited was placed by the Court
upon both of these clauses, and not merely upon the provisions of
article three. It was rendered at the January term of 1855, and
though the general language of a portion of the opinion in the case
may perhaps be open to some observation, the decision has been ever
since regarded as settling the position that it was incompetent for the
Legislature to vest in the *Court* of Sessions any other than judicial
functions. To this extent it has been followed by legislation estab-
lishing Boards of Supervisors in all the counties of the State,
whereas previously such Boards existed only in a portion of the
counties. It has also been repeatedly recognized and affirmed in
other cases by this Court, and it is not now open to discussion and
consideration. (*Hardenburgh* v. *Kidd*, 10 Cal. 402.)

2. Upon the question of ratification of the contract of purchase,
the previous decision of this Court, when the case was here on the
first appeal, furnishes a conclusive answer to the position of the
appellant. That decision, as we have already stated, was that the
original act of purchase was void, and that if void, the ratification
was equally void, and that if the original contract was not void, but
only voidable, the acts relied upon in the complaint did not amount
to a ratification in fact. The only substantial difference between
the amended and the original complaint consists, as we have stated,
in the greater particularity with which the former sets forth the
matters relied upon as establishing the ratification, and the knowl-
edge of the Board of Supervisors at the time of the previous con-
tract and action of the Court of Sessions. Admitting, for the pur-
poses of this appeal, that the matters relied upon would, in case of
a voidable contract, entered into by one assuming to act for his al-
leged principal, be sufficient to constitute a ratification, the decision
on the first ground remains as an insurmountable objection to a re-
covery by the appellant. The decision on that point, which in fact

disposed of the entire question of ratification on its merits, is the law of the case, by which we are bound, whatever our views might be upon an original consideration of the matter. A previous ruling by the appellate Court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits, but in the case in which it is made it is more than authority ; it is a final adjudication, from the consequences of which the Court cannot depart, nor the parties relieve themselves. (See *Davidson* v. *Dallas*, 15 Cal. 75.) It is therefore the law of this case, that the contract of purchase made by the Court of Sessions was incapable of ratification by the Board of Supervisors of the county of San Francisco, with the powers which they possessed. No amendment of the complaint could change the force of this ruling upon the rights of the parties as presented in this case.

Judgment affirmed.