## TABLE MOUNTAIN TUNNEL CO. *v.* STRANAHAN *et al.*

WHERE the Supreme Court, in reversing a judgment and remanding the cause for a new trial, consider and pass upon a point of law, with a view to the new trial for the purposes of which it is important, the ruling upon such point, though not essential to the decision, becomes the law of the case in all its future stages.

Thus, on an appeal from a judgment in favor of defendant in an action to recover a mining claim, the cause was remanded for a new trial on the ground that certain evidence of location offered by the plaintiff had been erroneously excluded and certain mining laws improperly admitted. In an opinion giving its reasons for the decision, the Court discussed the effect of a location in the absence of mining laws, and declared certain principles of law applicable to such locations. On the new trial the lower Court was asked by defendant to give, as an instruction to the jury, a portion of the opinion embracing the declaration of legal principles above referred to, which it refused to do : *Held*, on a second appeal that the rules of law thus declared in the former opinion, whether intrinsically correct or not, were the law of the case, and that it was therefore error to refuse the instruction.

APPEAL from the Fifth Judicial District.

A report of the proceedings on the former appeal will be found in 20 Cal. 198. All other material facts are stated in the opinion.

*A. P. Crittenden*, for Appellant.

The Court erred in refusing to give the instruction which was copied from the opinion of this Court on the former appeal. It is the law of this case, and neither the District Court nor this Court could refuse to apply it. (*Davidson* v. *Dallas*, 15 Cal. 82 ; *Phelan* v. *San Francisco*, 20 Id. 39 ; *Haynes* v. *Meeks*, Id. 288 ; *Leese* v. *Clark*, Id. 387.)

The instruction is not in conflict with any rule laid down in *English* v. *Johnson*, or any previous decision, but if it were, it should still have been given. It was a part of the former opinion declaring a rule of law upon a point presented, argued and adjudicated upon that appeal. One of the propositions of the plaintiff on that appeal was that proof should have been allowed of certain acts of plaintiff's grantors, as acts of possession, though they were not done under any mining law, and that the Court below erred in

ruling out the evidence. Against this it was urged that if such acts, in the absence of any mining law, were evidence of possession, then there was no limit to the extent of ground which a single person might take up, and a whole mining district might be taken up and monopolized by an individual. The Court held this answer insufficient; that there was a limit to the extent; that it must be reasonable ; that if it was unreasonable, " the location would not be effectual for any purpose ;" and that therefore the evidence was admissible, and the former judgment in favor of the defendants must be reversed.

*H. P. Barber*, for Respondent.

I.    The instruction asked was properly refused.   It embraces the following proposition :

" If the quantity of ground included be unreasonable, the location will not be effectual for any purpose, and possession under it will only extend to the ground actually occupied."

A single charge must be correct in all its parts ; if incorrect in any part it is liable to rejection.   (*Vallance* v. *King*, 3 Barb. 548 ; *Vischer* v. *Webster*, 13 Cal. 60 ;  *Thompson* v. *Paige*, 16 Id. 79.)

The charge asked was erroneous as a whole ; the proposition that if the quantity originally located were unreasonable, the location would not be effectual for any purpose ; would be manifestly inequitable and unjust, and directly opposed to the decision of this Court in *English* v. *Johnson* (17 Cal. 118).

II.    But it is contended that plaintiffs are concluded on this point, defendants asserting that this Court so ruled in its former decision in this case.

If this question of unreasonableness of extent were directly presented to and adjudicated by this Court in its former decision, we do not controvert the conclusion.   But the question was not presented in the former case in any way, nor do the briefs of either side refer to it.   Plaintiffs below, the appellants on that appeal, submitted eleven exceptions to this Court, not one of which involved this question.   This Court reversed the judgment solely on two of them : the first, taken on the ground that the Court below had

excluded all testimony of marking bounds, etc., done by our grantors previous to our incorporation; and the other involving the admissibility of the " Wallaville " laws in evidence in consequence of not being properly pleaded.

These were the sole points then decided by this Court. The point now raised by the charge requested, was not then argued or adjudicated, and the remark of this Court now relied on as an estoppel, was merely in reply to a " suggestion " of defendants' counsel, as is evident from the opinion itself. But to work an estoppel as the law of the case, the opinion must relate to the very point decided. " When a case has once been taken to an Appellate Court, and its judgment obtained on points of law involved, such judgment becomes the law of the case." (*Clay* v. *Hoagland*, 6 Cal. 487.) The " point of law " in our former case was the admissibility of the evidence referred to—the " judgment," that it ought to have been admitted. In *Davidson* v. *Dallas*, (15 Cal. 75) relied on by appellants, the question arose as to the very point on which the former decision " rested," and the Court expressly say, (p. 83) that upon an appeal, the case is brought to this Court, " in order that the judgment of the Court may be obtained upon the matters assigned as errors." (See, also, pp. 83, 84.) In *The State* v. *McGlynn* (20 Cal. 233) the Court say: " The law upon the question does not become settled by the mere opinion of Judges unnecessarily expressed, but only by a decision of the point, when being the ground, or at least one of the grounds, of a judgment." So in *Fulton* v. *Hanlow* (Id. 450).

" In order that a judgment should be a defense in another action on the ground of *res judicata*, the same point must have been directly in issue, and determined by the judgment."

In *Pierce* v. *Robinson* (13 Cal. 116) this Court expressly decided that a former opinion as to the admissibility of parol evidence to show that a deed absolute on its face was intended as a mortgage, was not binding upon the Court ; because, although it decided adversely to that proposition, it " was irrelevant " to the points assigned for error and directly decided.

It would be very hard indeed, if the mere opinion of the Judges upon a first impression, and upon a question not arising in the

Table Mountain Tunnel Co. *v.* Stranahan.

points assigned for error, should be held to conclude the adverse party who had no opportunity to argue the point, and might have shown by argument or authority in case he had been called upon, that the opinion was erroneous.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This case was before us at the April Term, 1862, on appeal from a judgment in favor of the defendants. The judgment was reversed, and the cause remanded for a new trial, and the present appeal is from a judgment in favor of the plaintiff. The plaintiff is a mining corporation, and the facts, as elicited at the trial, are not materially different from those stated in our previous opinion.

The point in dispute is the location of a mining claim, and one of the errors assigned is, that the Court refused the following instruction : " No location of a mining claim can be so extended as to amount to a monopoly, and in the absence of local regulations prescribing a limit, recourse must be had to general usage. If the quantity of ground included be unreasonable, the location will not be effectual for any purpose, and possession under it will only extend to the ground actually occupied. In other words, the extent of the occupancy will determine the extent of the claim, and whether the quantity be unreasonable or not, must depend upon the customs prevailing generally upon the subject."

This instruction was taken literally from the opinion delivered by us when the case was here before ; and it is difficult for us to understand upon what ground the Court refused to give it. It is too late now to discuss the question of its correctness, for the matter has been adjudicated ; and whatever doubts may exist in regard to the conclusion arrived at, it has become the law of the case. The counsel for the plaintiff contends that the point was not involved in the questions raised on the former appeal, and that so much of the language used as limits a location in the case put to the extent of the actual occupation, was mere *obiter*. It is true, perhaps, that an opinion upon the point was not essential to the decision of the case ; but it was important for the purposes of a new trial ; and it

was in that view that we considered the matter and passed upon it. It was a matter necessarily involved in the issue to be tried, and the principle of *res judicata* is undoubtedly applicable to its determination.

The judgment is reversed and the cause remanded for a new trial.