[No. 12128.    Department One. — March 20, 1888.]

JOHN M. GWINN, ADMINISTRATOR, ETC., OF BELDEN R. GWINN, DECEASED, RESPONDENT, v. D. HAMILTON, ADMINISTRATOR, ETC., OF HARRISON GWINN, DECEASED, APPELLANT.

LAW OF THE CASE — DICTA — DECISION ON UNNECESSARY POINT. — While the rule as to the law of the case does not protect mere *dicta*, yet a decision on a point which arose in the case is within the rule, although it was not necessary to the disposition of the appeal.

FINDINGS BY REFERENCE TO PLEADINGS. — If the complaint be sufficient, a finding by reference to it is sufficient.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Ball & Craig*, and *Beatty, Denson & Oatman*, for Appellant.

*Add C. Hinkson*, for Respondent.

HAYNE, C.—Action for services rendered by a son to his father. Judgment was rendered in favor of plaintiff for $605, and the defendant appeals.

1. It is contended that the complaint does not state a cause of action. But we think that matter was concluded by the decision on the former appeal. Upon the first trial, judgment was rendered for plaintiff for $2,328.87, and the defendant appealed. The judgment was reversed because a great part of the demand was considered to be barred by the statute of limitations. This of course did not involve the sufficiency of the complaint. But the question of the sufficiency of the complaint was the main point discussed; and, as we understand the opinion, the court decided against the defendant, and held that the complaint stated a cause of action. We readily concede that the rule as to the law of the case does not protect mere *dicta*. But a decision upon a point which arose in the case, and was decided, is not a *dictum*, although it was not necessary to the disposition of the appeal. (*Table Mountain* v. *Stranahan*, 21 Cal. 551; and compare *Olney* v. *Sawyer*, 54 Cal. 384, 385; *Camron* v. *Kenfield*, 57 Cal. 553, 554; *San Francisco* v. *S. V. W. W.*, 53 Cal. 610.) Doubtless the counsel for the plaintiff relied upon the decision, and it would be unjust to suffer the sufficiency of the complaint to be again called in question.

If the complaint is held to be sufficient, the finding by reference to it is sufficient. (*McEwen* v. *Johnson*, 7 Cal. 260; *Pralus* v. *Pacific G. & S. M. Co.*, 35 Cal. 34, 35; *Carey* v. *Brown*, 58 Cal. 184; *Moore* v. *Clear Lake Co.*, 68 Cal. 146; *Johnson* v. *Klein*, 70 Cal. 186.) Possibly the reference in question would not cover the plea of the statute of limitations. But that point is not raised by counsel, and we do not think that the circumstances are such as to require us to notice it.

2. It is urged that the defendant should have been allowed a credit of $566.48, which was the price of a crop

of grain raised upon the land of a third person. The evidence seems to us to justify the respondent's contention that this crop was put in by the son and one St. Louis for their own benefit, and that this was with the consent of the father. There is some evidence against this view. Thus it was shown that the son used the father's team for the work, and that the father paid a man to assist in harvesting the crop. On the other hand, the son evidently made the cropping contract in his own name and ostensibly for his own benefit. This was the understanding of the owner of the land; for he says: "I judged his father let him have the team to give him a show." And it was proven that on one occasion, when the father was asked whether the cropping contract was not an extension of his business, he said: "I've got nothing to do with it; it is Belden's." And he further said "that *his* crop was all in, and that Belden could have his team to put in the crop." The subsequent remark about "running the ranch" appears to us to refer to the ranch upon which they lived, and not the place where this crop was put in. Upon the whole testimony, we cannot say that the court below came to a wrong conclusion as to this matter.

The other matters do not seem to require special notice.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.