[Civ. No. 338.   Second Appellate District.—April 24, 1907.]

## PEOPLE'S LUMBER COMPANY, Respondent, v. ALEX GILLARD et al., Defendants; J. F. WHITE and C. F. HICKSON, Appellants.

Bond of Building Contractor—Validity at Common Law—Appeal—Law of the Case.—Where, upon a former appeal, the question was raised whether section 1203 of the Code of Civil Procedure, under which a contractor's bond was given, was constitutional, and it was held that the bond, having been voluntarily given, was valid and enforceable as a common-law bond, said decision is the law of the case upon a second appeal, where the voluntary issue of the bond does not appear to have been in issue.

Id.—Purview of Law of the Case.—The law of the case is not confined, in this state, to that portion of the opinion of the appellate court which can be said to be strictly essential to the disposition made of the case.

Id.—Changes Made Pursuant to Building Contract—Pleading—Findings.—Where, pursuant to the decision made on the former appeal, the complaint was allowed to be amended, to set forth changes made pursuant to the terms of the contract, in an action against the sureties on the contractor's bond, and issues were joined thereupon, a finding that the changes were made pursuant to the contract conforms to the amended complaint.

Id.—Statute of Limitations—Amended Complaint.—The amended complaint setting out the change provided for in the contract did not state a new cause of action, foreign to the case, made in the original complaint, on the contractor's bond, so as to allow a plea of the statute of limitations thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

J. S. Chapman, and Ward Chapman, for Appellants.

Blackstock & Orr, and L. B. Slosson, for Respondent.

TAGGART, J.—Appeal from judgment in favor of plaintiff and from an order denying motion of defendants White and Hickson for a new trial.

Plaintiff furnished material to the defendants Gillard and Leary as contractors to be used in the construction of a high school building in the town of San Buenaventura. Defendants White, Hickson and Darancette were sureties on a bond in the penal sum of $7,000 given to insure the faithful performance of the contract entered into by Gillard and Leary with the trustees of the high school district, and the payment of all just claims against said building for labor and material. Said bond being conditioned to inure to and for the use and benefit of any and all persons who perform labor for or furnish materials to the said contractors (in pursuance of said contract), etc.

The action is brought against the contractors and sureties on the bond. It was dismissed as to Darancette and judgment given against the other defendants for $1,753.97 and costs. Gillard and Leary made default and the defendants White and Hickson appeared and defended and now appeal from the judgment and order aforesaid.

Appellants urge in support of their appeal and as reasons for reversing said judgment and order: (1) That the bond upon which their liability rests was given pursuant to section 1203 of the Code of Civil Procedure, that that section is unconstitutional and any bond given in pursuance of it is void and unenforceable; (2) that the action was barred by the statute of limitations; and (3) that the court erred in sustaining plaintiff's objections to certain testimony offered in evidence by the defendants.

This is the second appeal. On the former appeal the supreme court directly decided the question raised by the first ground of appeal here presented. It was held that the bond in question "derives force from its provisions and not from the statute," and that it "may be enforced." No such other or different attack is now made upon the sufficiency of the bond as to bring the case within the rule declared in *Anderson* v. *Hancock*, 64 Cal. 455, [2 Pac. 31], and similar cases. The determination of the character and validity of the bond was the decision by the supreme court of a question of law, as distinguished from an inference or finding of fact made by that court. (*Wallace* v. *Sisson*, 114 Cal. 45, [45 Pac. 1000].) The validity or enforceability of the bond did not then, and does not now, depend upon the determination of any issue of fact. The ruling on the former appeal was

predicated on the admitted truthfulness of the allegation in the original complaint that the bond was "given in pursuance of section 1203." The question arises now upon the undisputed finding of the court to the same effect. The finding "That said bond was given by defendants, Gillard and Leary, in pursuance of the provisions of section 1203 of the Code of Civil Procedure," responds to and covers all the issues raised by appellants' answer to the amended complaint as to the validity of the bond. Appellants contend that an issue of fact was presented by the pleadings upon the second trial as to whether or not the bond was voluntarily given. The answer to the amended complaint does not allege that the bond was not voluntarily given, and the record fails to show that any such issue of fact was before the trial court.

The objections to the sufficiency of the complaint in the respect here under consideration, made on the first appeal, were: (1) Section 1203 is unconstitutional; (2) the act being void, the bond made pursuant to it is void; and (3) "The bond being a statutory bond, the right to sue on it comes alone from the statute, and that the complaint must set forth the facts on which the statutory right of action depends, which it is claimed the complaint fails to do." (*People's Lumber Co.* v. *Gillard,* 136 Cal. 57, [68 Pac. 576].) The supreme court says, in effect, passing over the objection as presented by the first two grounds, and admitting that the bond is, in form, a statutory bond, the right to sue on it does not come alone from the statute. It was voluntarily made, and may be enforced as a common-law bond.

If the determination of the law of the case here resolves itself into a question of whether or not the opinion of the supreme court on the former appeal in relation to the validity of the bond under consideration was *dictum,* the rule in this state is clear. Other jurisdictions have taken other views, and the range of the authorities on this question is thus stated in Bouvier: "According to the more rigid rule, an expression of opinion however deliberate upon a question however fully argued, if not essential to the disposition that was made of the case, may be regarded as a *dictum;* but it is, on the other hand, said that it is difficult to see why, in a philosophical point of view, the opinion of the court is not as persuasive on all the points which were so involved in the cause that it

was the duty of counsel to argue them, and which were deliberately passed over by the court, as if the decision had hung upon but one point."

Since an early date the supreme court of this state has refused to adopt the rule which confines the law of the case to that portion of the opinion of the appellate court which can be said to be strictly essential to the disposition made of the case. (*Dewey* v. *Gray*, 2 Cal. 374; *Gunter* v. *Laffan*, 7 Cal. 589; *Davidson* v. *Dallas*, 15 Cal. 84; *Phelan* v. *San Francisco*, 20 Cal. 39; *Table Mountain* v. *Stranahan*, 21 Cal. 548; *Gwinn* v. *Hamilton*, 75 Cal. 266, [17 Pac. 212]; *Page* v. *Fowler*, 37 Cal. 105; *Porter* v. *Muller*, 112 Cal. 366, [44 Pac. 729].) In *Phelan* v. *San Francisco*, 20 Cal. 39, Field, C. J., states the rule of the law of the case as follows: "A previous ruling by the appellate court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits; but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves." The reason for the rule of the law of the case is said in some of the cases to rest upon the doctrine of *res adjudicata* (*Soule* v. *Dawes*, 14 Cal. 250); in others, upon the want of power, when the cause has gone beyond the jurisdiction of the appellate court, for it to annul or reverse its decree or judgment for any error of fact or law, and because the rule is necessary as a matter of public policy. (*Sharon* v. *Sharon*, 79 Cal. 654, [22 Pac. 26].) Considered by the rule of *res adjudicata* the authorities are conclusive, and no clear distinction can be drawn between the rule of *res adjudicata* and the rule of finality of decision declared in the latter case. (*Sharon* v. *Sharon*, 79 Cal. 654, [22 Pac. 26].)

It is immaterial that the decision was erroneous; the rule is the same in all cases, regardless of the correctness of the decision. (*Page* v. *Fowler*, 37 Cal. 105; *Sharon* v. *Sharon*, 79 Cal. 654, [22 Pac. 26].)

As we read the opinion in *Wixson* v. *Devine*, 80 Cal. 385, 22 Pac. 224, there is nothing in conflict with the decisions in the foregoing cases in respect to this question. In that case the court is considering expressions of opinion which are purely "*obiter.*" Of the portions of the opinions referred

to in that case the court says: ''They were not the subject of review on his appeal. There was no occasion, therefore, for this court on that appeal to say anything as to the correctness or incorrectness of these rulings.''

The language here under consideration was in no sense ''*obiter*.'' The questions of the constitutionality of section 1203 of the Code of Civil Procedure, and the validity of the obligation upon which this action was brought, were directly presented and argued by counsel, and decided by the court on the former appeal; and, had the decision of the court at that time upon this question been in favor of appellants, it would have concluded the case. If it be conceded that the opinion was *dictum* at all, it would have to be classified as *judicial* as distinguished from *obiter*.

Whatever opinion we may entertain as to the policy of the rule, or the validity of the bond, it is clear from the authorities that it was the duty of the superior court and it is our duty to hold the bond valid and enforceable, under the law of the case.

The contract contained the following clause: ''Third. Should the said board of trustees at any time during the progress of said building request any alterations, deviations, additions, or omissions from the said contract, specifications, or plans, they shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added to or deducted from the amount of said contract price, as the case may be, by a fair and reasonable valuation.'' The original complaint counted upon material furnished under, and a breach of, the contract generally, as the measure of defendants' liability on the bond. After the former appeal the complaint was amended to meet the suggestions of the supreme court in regard to these matters upon which the reversal of the judgment was based. In the amended complaint certain changes in the contract and building are alleged to have been made under and pursuant to the above-mentioned clause, after the execution of the said contract. Issues of fact were joined by the answer, upon the questions whether or not these changes were made pursuant to the provisions of the contract or otherwise, and whether or not the changes so made materially altered the contract so as to relieve the defendant sureties from their obligation on the bond. The trial court found the changes to have been made pursuant to the con-

tract and not otherwise. This finding was in conformity with the allegations of the amended complaint.

To sustain their plea of the statute of limitation appellants contend that because of the additional allegations as to the changes made under this contract, the amended complaint states a new and different cause of action, and that as to the cause therein stated the action was not commenced until the amended complaint was filed. The language of the opinion of the commissioner on the former appeal is quoted in appellants' brief as an apparent authority for the contention that the amended complaint counts on a "*different contract.*" The language quoted shows upon its face that it refers to the claim of the appellants that the contract was changed and modified independent of its own provisions. Changes or alterations made in conformity with the provisions of the contract were not being considered when the language quoted was used. The allegations setting out the changes provided for in the contract do not state a new or different cause of action foreign to the original complaint. (*Frost* v. *Witter*, 132 Cal. 425, [84 Am. St. Rep. 53, 64 Pac. 705].) The measure of the recovery asked is still based upon the material furnished for the high school building under the contract, and defendants' liability to pay is based upon a breach of the same conditions of the bond, under the amended complaint, that it was under the original complaint.

The error specified in the record relating to the refusal of the court to permit the witness Leary to continue his statement in regard to the board of trustees not agreeing to pay for alterations made is not urged in appellants' brief. The testimony was in direct conflict with the provisions of the written contract, and the ruling of the court might be justified on that ground, but since the matter is not presented, we assume that it is not relied upon by appellants. We see no error in the record to justify a reversal of the judgment or order complained of.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 20, 1907.