[Civ. No. 15138.   Second Dist., Div. Two.   June 18, 1946.]

CHAMBERLAIN COMPANY (a Corporation), Respondent,
    v.   ALLIS-CHALMERS   MANUFACTURING   COM-
    PANY (a Corporation), Appellant.

LeRoy B. Lorenz and John W. Preston for Appellant.

Salisbury, Robinson & Himrod and B. R. Ware for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in the sum of $12,703.87, after trial before the court without a jury, in an action to recover damages for breach of an express warranty in a contract for the balance due on a Nordyke Square Sifter, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are these:

Plaintiff bought from defendant a sifting machine pursuant to the terms of a written contract. The machine was delivered to and operated for a time by plaintiff. After the machine was delivered and before it was installed it was dropped and damaged. Repairs to the machine were made by the McKain Manufacturing Company who was recommended by defendant before the machine was installed. Thereafter, the plaintiff brought this action to recover damages for a breach of warranty of the machine. The answer denied the issues of the warranty action and set up a counterclaim for a balance due and unpaid on the purchase price of the machine. At the trial it was stipulated that the balance of the price alleged in the counterclaim was due by the terms of the contract and unpaid leaving for consideration only the question arising on plaintiff's claim for breach of warranty. Judgment went against the plaintiff on its complaint and for defendant on its counterclaim from which judgment plaintiff appealed. The judgment was reversed by the District Court of Appeal. (See *Chamberlain Co.* v. *Allis-Chalmers Mfg. Co.*, 51 Cal.App. 2d 520 [125 P.2d 113].) The opinion in such case was prepared by Mr. Justice Shaw. Upon a retrial of the case judgment was entered in favor of plaintiff and the present appeal ensued.

Preliminarily, in discussion of the points urged for reversal of the judgment by defendant, it should be borne in mind that the rule is established in California, that where an appellate court, in reversing a case and in ordering further proceedings, lays down a proposition of law presented on the appeal though not essential to the decision of the case but im-

portant for the purposes of a new trial, such ruling becomes the law of the case and without regard to the correctness of such legal principle is binding upon the trial court and the appellate courts in subsequent stages of the action. (*Steelduct Co.* v. *Henger-Seltzer Co.*, 26 Cal.2d 634, 643 [160 P.2d 804]; *Estate of Baird*, 193 Cal. 225, 239 [223 P. 974]; *Wallace* v. *Sisson*, 114 Cal. 42, 43 [45 P. 1000]; *Porter* v. *Muller*, 112 Cal. 355, 366 et seq. [44 P. 729]; *Gwinn* v. *Hamilton*, 75 Cal. 265, 266 [17 P. 212]; *Olney* v. *Sawyer*, 54 Cal. 379, 385; *Table Mountain Tunnel Co.* v. *Stranahan*, 21 Cal. 548, 551; *People's Lumber Co.* v. *Gillard*, 5 Cal.App. 435, 438 [90 P. 556]; *cf.* Code Civ. Proc., § 53. See, also, 2 Cal.Jur. (1921), § 562, p. 958.)

Defendant urges reversal of the judgment on four propositions which will be stated and answered hereunder seriatim:

First: *There was not any express warranty in its contract that the Nordyke Square Sifter which was sold to plaintiff was fit for the purposes for which it had been purchased.*

This proposition is untenable in view of the previous decision of this court in *Chamberlain* v. *Allis-Chalmers Mfg. Co.*, *supra*, deciding to the contrary. At page 522, 523, this court said:

"At the trial it was stipulated that the words 'at 98½ per cent efficiency' were inserted here in the contract at the request and upon the insistence of plaintiff. . . . But what purpose can be served by the words, 'to be used to grade two tons per hour of Dry Pumice through the following screen meshes at 98½ per cent efficiency,' except that of an assurance to the purchaser of the capacity and efficiency of the article described? We see none. Such a provision might reasonably be expected in a contract of sale of a machine, and while possibly more apt words could have been found, those used are not incapable of the meaning that the sifter will have 98½ per cent efficiency when used as stated. We therefore ascribe that meaning to them. So construed they amount to a promise by the seller, their natural tendency would be to induce the purchase, and by the terms of section 1732 of the Civil Code they are an express warranty."

It is now the law of this case that there was an express warranty in the contract.

Defendant in a letter dated June 1, 1938, admitted its failure to comply with such warranty. The pertinent portion of this letter is as follows:

"Referring to your order No. 576 dated May 29, 1937, covering the #422 Nordyke Square Sifter, as you know after an earnest effort at considerable expense, *we have been unable to accomplish the work with this machine* that was expected, therefore, the only suggestion we can make is that it be returned.

"We regret exceedingly the fact that we are not able to make this Sifter come up to your expectations, but *we have proved that due to the peculiar action of your particular material on the screens we are unable to keep the meshes of the sieves open,* regardless of what type of cleaner is used, thus making it impossible to produce the products you desire." (Italics added.)

Second: *Plaintiff was not entitled to recover consequential or special damages for breach of the warranty in the contract since the contract contained two provisions limiting its liability.*

This proposition is likewise untenable since on the previous appeal the appellate court found contrary to defendant's contention. One of the provisions of the contract relied on by appellant to limit its liability was as follows:

"The Company agrees and shall have the right to repair f. o. b. works where made, or furnished without charge f. o. b. its works a similar part to replace, *any portion* of the machinery of its own manufacture which within one year after shipment is proven to have been at the time of shipment *defective as to material, workmanship or design,* provided the Purchaser gives the Company immediate written notice of alleged defects. The Company shall not be held liable for any damage or delay *caused by the said defects* and shall not be responsible for work done, machinery furnished or repairs *made by others."* (Italics added.)

In the previous opinion it was said at page 524:

"Defendant also argues that the provision in which we find a warranty cannot be so construed because such construction would render it inconsistent with this provision of the contract: 'The Company agrees, and shall have the right, to repair f. o. b. works where made . . . any portion of the machinery of its own manufacture which within one year after shipment is proven to have been . . . defective as to material, workmanship or design. . . .' Granting that failure of the sifter to operate with the warranted efficiency would be due to defects of either material, workmanship or design, we see no

inconsistency between the warranty and the covenant to repair. The latter may cover many defects which do not result in a breach of the warranty, and also gives the defendant an opportunity to make good its warranty if it can; but if defendant cannot or will not do so, as alleged here, there is nothing about this covenant inconsistent with enforcement of the warranty.''

In the previous decision, it was also said at page 526:

''Defendant further contends that the damages alleged in the complaint are all consequential in nature, and that the plaintiff is barred from recovering such damages by the following provisions of the contract: 'This contract is contingent upon strikes, fires, accidents or other delays unavoidable or beyond the reasonable control of the Company. The Company shall not be held responsible or liable for any loss, damage, detention or delay from any cause beyond its control, or in any event for consequential damages; and the receipt of the machinery by the Purchaser shall constitute a waiver of any and all claims for loss or damage due to any delay.' This provision constitutes a separate paragraph of the contract, and it is clearly directed at one subject only, that is, delays in performance by defendant that are 'unavoidable or beyond the reasonable control of' defendant. A breach of warranty is not a delay, nor is it, as far as now appears, beyond the defendant's control. (See *Excelsior Motor etc. Co.* v. *Sound Equipment, Inc.,* [C.C.A. 7, 1934], 73 F.2d 725, 728.)''

█ Third: *The dropping of the machine before its installation was the cause of the failure of the machine to meet defendant's warranty.*

This proposition is without merit. There is no evidence in the record to indicate that the dropping of the machine caused it to fail to meet the requirements of defendant's warranty, nor did defendant so contend in its letter of June 1, 1938, in which it conceded the machine was unable to accomplish the work for which it was intended.

█ Fourth: *Plaintiff was in default in making the final payment of the balance of the purchase price of the sifter.*

This proposition is without merit. During the course of the trial defendant's counsel informed the trial court that he was not making any contention that the first breach of the contract occurred when plaintiff failed to make the balance of the payments on the purchase price. Under such circumstances defendant has waived any right to urge plaintiff's failure to

make payments on the balance of the purchase price as a defense to the present case.

In view of our conclusions it is unnecessary to discuss other questions argued by counsel.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied July 8, 1946, and appellant's petition for a hearing by the Supreme Court was denied August 15, 1946.