[Civ. No. 19557.   Second Dist., Div. One.   Aug. 18, 1953.]

PAUL H. CHOMISTEK, Appellant, v. ALFRED H. ARAK, Respondent.

Eugene L. Wolver for Appellant.

Stanley Sapiro and Charles M. Arak for Respondent.

SCOTT (Robert H.), J. pro tem.—Plaintiff appeals from an adverse judgment following an order granting motion for nonsuit.

In his complaint plaintiff alleges that on July 27, 1951, he purchased a bakery business from defendant for a price of $3,500, that in the written agreement defendant "warranted and guaranteed that the sales of such business would reach a gross volume of approximately $700 per week by the 15th day of October, 1951"; that relying on said warranty and guarantee, plaintiff signed the agreement, made the required payments and executed an instrument covering the unpaid balance; that the sales volume of the business was substantially less than $700 per week; in December plaintiff served on defendant a written notice of breach of warranty and by this action seeks rescission of the contract and return of all money paid by him. A supplemental complaint was filed asking further damages for loss by plaintiff of his time which he put into the business.

The evidence is brought before this court by a settled statement on appeal.

■ Plaintiff had contacted a business broker, in response to an advertisement in a newspaper, and was told by the broker that the bakery was doing $700 a week. Plaintiff was then referred to defendant. The latter said "the business was doing approximately $500.00 at the time." The books were shown to plaintiff and they reflected that the business was not doing $700 a week. Plaintiff noticed that in the previous winter months, the figures were over $700 and defendant told him "the business in his opinion would reach $700 by October." Before he purchased the business, plaintiff was there at the place of business and observed its method of operation for two weeks. Plaintiff testified further as follows: "Looking at the books, I saw the business was doing $500 a week. I asked Mr. Arak why the business was not doing $700 a week, and Mr. Arak's reply was, it was summertime, the bakery is not as good in summer as in the wintertime. 'According to your books,' I said, 'it was much better last August than it was this August, and that was summertime; do you have an explanation for that?' 'No,' Mr. Arak said, 'No, I have no explanation.' I said, 'I can hardly buy a business that is doing $500.00 a week when I was told it would do $700.00.' Mr. Arak said he would guarantee it to do $700.00 per week. Mr. Arak said, 'I will guarantee.' "

Plaintiff explained that from 1944 to 1951 he was employed "in an office capacity," the last two years as office manager. His testimony shows some familiarity with business methods and practices. When he examined defendant's books it must have been obvious to him that sales had fallen below $700 a week for several months and during June and July often were falling below $500 a week. The last two weeks of June, 1950, showed sales in excess of $1,400 each week while the same two weeks in June, 1951, showed sales of $495 and $571, respectively. Other comparisons must have put plaintiff on notice that the business he was buying, if operated as defendant had been operating it, could not be expected to produce weekly gross sales of $700 per week.

Evidence produced by plaintiff was not sufficient to establish fraud under section 1572, Civil Code. In his opening brief, plaintiff makes no contention that his claim is based on that code section and in his closing brief asserts "that the written warranty and guarantee of respondent was not a representation" but was "an expressed warranty and guarantee." He offers for our consideration two decisions in the case of *Chamberlain Co.* v. *Allis-Chalmers Mfg. Co.*, 51 Cal.App.2d 520 [125 P.2d 113] and 74 Cal.App.2d 941 [170 P.2d 85], and the case of *Stott* v. *Johnston*, 36 Cal.2d 864 [229 P.2d 348, 28 A.L.R.2d 580], but we find these cases to have been based largely on section 1732, Civil Code, which reads as follows:

"§ 1732. Definition of Expressed Warranty. Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

Appellant does not suggest that he makes any distinction between the words warranty and guarantee. Section 2787, Civil Code, defines a guarantor as one who promises to answer for the debt, default or miscarriage of another, or hypothecates property as security therefor. The section further states that the distinction between sureties and guarantors is abolished. Sections 2788 to 2866, Civil Code, cover the matter of Suretyship. We find nothing in them which would give any legal basis for appellant's claimed right to recover.

The trial court in this case was confronted with the problem of a purchaser who bought a business after full investigation. This had disclosed that business was falling off and could not be expected to improve unless some factors were added which would materially change conditions. The plaintiff knew that defendant could not assure a continuity of patronage. Defendant did not agree that the contract might be rescinded or cancelled or that he would in any way reimburse purchaser if sales did not come up to the amount mentioned. It is significant that only in the "Ratification of Sale" written by the business broker on his own office form, and in no other document do the words appear upon which plaintiff relies. From the record it was obviously a device employed by the broker to complete a sale which would entitle him to a commission. There was no meeting of minds of the parties and therefore no contract upon which this action could be based. The trial court could not be called upon to make a contract for the parties. On no legal theory had plaintiff made a prima facie showing of his claimed right to recovery and the motion for nonsuit therefore properly was granted. (*Sweet* v. *Markwart,* 115 Cal.App.2d 735, 743 [252 P.2d 751].)

Respondent has moved to dismiss the appeal, asserting that appellant has closed the business and moved out and therefore is not in a position to restore the business to respondent if he were to prevail in the action. Appellant admits that this is true but says it happened after the trial of the case. This motion to dismiss was ordered submitted for consideration by us in connection with the matters raised on appeal. Because of our determination on the principal issue of the appeal, the motion requires no discussion. The motion to dismiss is denied. Judgment affirmed.

White, P. J., and Doran, J., concurred.