FRANK ZORRILLA, ETC., Petitioner, *v.* SUPERIOR COURT OF
PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA,
JUDGE, Respondent.

No. C-66-37.    Decided June 28, 1967.

*Fiddler, González & Rodríguez* and *Ramón Lomba Miranda* for
petitioner.

Second Division composed of Mr. Justice Belaval, as Chief Judge
of Division, Mr. Justice Hernández Matos, Mr. Justice San-
tana Becerra, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The Superior Court, San Juan Part, decided that peti-
tioners' cause of action had prescribed. We agreed to review
the judgment decreeing the prescription. We affirmed, de-
ciding that the period of three years established by § 32 of
the Minimum Wage Act, Act No. 96 of June 1956, 29
L.P.R.A. § 246d(a) is one of extinguishment.[1] The com-
plaint had been filed on May 13, 1964. The petitioners

---

[1] But see Act No. 106 of June 6, 1967.

ceased in their employment on or before May 13, 1961. We entered judgment dismissing the complaint because the action had prescribed. In our decision we stated that "This is so because since the year must be reckoned as of 365 days —a construction which we adopted in relation to the computation of prescription terms in *Ortiz* v. *Am. Railroad Co.*, 62 P.R.R. 171, 177 (1943), ratified in *Sánchez* v. *Cooperativa Azucarera*, 66 P.R.R. 330 (1946) and *Escalera* v. *Andino*, 76 P.R.R. 251 (1954)—and inasmuch as 1964 was a leap year the term expired May 12 of said year."

This judgment is dated March 11, 1965. Five months later, on August 11, petitioners' counsel filed a motion in this Court stating that according to the decision in *Escalera* v. *Andino*, 76 P.R.R. 251 (1954), petitioners' action had not prescribed. Precisely in *Andino* we stated that "Proceeding from the last provision of § 8 of our Civil Code providing that if the months comprised within the period are determinable as independent units, they shall be computed by the days which they respectively contain, and considering the application of the Gregorian four-year period to our country for leap years, we adopt the local rule that legal year shall consist of 365 days, provided it is not a leap year, and of 366 days if the month of February of a leap year is comprised within the period." Since the month of February 1964 was comprised within the three-year period which petitioners had, starting as of May 13, 1961, date on which they ceased in their employment, to file their claim, the action filed on May 13, 1964, was timely filed.

The motion. of August 11, 1965, was filed under the provisions of Rule 49.2 of the Rules of Civil Procedure of 1958. In deciding it we considered "the same as a motion to set aside the judgment rendered in the Superior Court and as a petition for this Court to grant leave to the respondent court to grant a relief under Rule 49.2, which is inconsistent with the mandate sent March 25, 1965, and in view of the

decision in *Escalera* v. *Andino*, 76 P.R.R. 251, the petition is granted and the Superior Court, San Juan Part, is authorized to consider on the merits the question in issue in said motion of August 11 which motion will be withdrawn from the record and sent to said court to be filed through the Office of the Clerk with the same date on which it was filed in this Court."

■■ The question having been considered, on March 4, 1966, by the Superior Court, San Juan Part, it decided that taking into consideration the rule established in *Escalera* the complaint was filed within the three-year period established by law. The employer appealed from this decision. He assigns several grounds for attacking the power of the Superior Court to set aside our judgment of March 11, 1965. All of them are frivolous except one, but the conclusion we have reached as to how to decide this appeal renders its consideration unnecessary. We refer to the one which raises the question that since the action was prosecuted by the special proceeding established by Act No. 2 of October 17, 1961, the application of Rule 49.2[2] in its full extent is incom-

---

[2] Rule 49.2 of the Rules of Civil Procedure of 1958 provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise, or excusable neglect;

"(2) Newly discovered essential evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 48;

"(3) Fraud (whether heretofore denominated intrinsic and also that denominated extrinsic), misrepresentation, or other misconduct of an adverse party;

"(4) The judgment is void;

"(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

"(6) Any other reason justifying relief from the operation of the judgment.

"The provisions of this rule do not apply to judgments in divorce suits, unless the motion is based on reasons (3) or (4). The motion shall be made within a reasonable period and in any case not more than six

patible because it is in conflict with the summary nature of the proceeding for the claim of wages. We need not discuss it since the order of December 14, 1965, constitutes the "law of the case." In said order we passed on the motion filed by petitioners under Rule 49.2 applied in its full extent. In deciding the same we admitted its applicability and granted the trial court leave to entertain the motion, in view of the decision in *Escalera* v. *Andino, supra,* as to how to compute the years when a leap year falls within a term. This order actually constitutes the "law of the case." It is a well-settled rule that the determinations of an appellate court constitute the "law of the case" in all questions considered and decided, and generally they bind the trial court as well as the court which entered them, if the case returns for reconsideration. We say generally because it is accepted that "when a court becomes convinced that its declared law of the case is erroneous and would work a grave injustice, it should have the power to apply a different rule of law in the interest of getting the very case before it settled in a just manner." 1B Moore, Federal Practice 405, § 404[1] (2d ed. 1965). Evidently that is not the situation in this case. Here justice is to apply the "law of the case." *Commonwealth* v. *Ocean Park Development Corporation,* 79 P.R.R. 149, 163–164 (1956) ; *Tartak*

months after the judgment, order or proceeding was entered or taken. A motion under Rule 49.2 does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (a) to entertain an independent action to relieve a party from a judgment, order, or proceeding, (b) to grant relief to a party not actually notified, and (c) to set aside a judgment for fraud upon the court.

"During the pendency of an appeal from a judgment the court below may not grant a relief under Rule 49.2 except with leave of the appellate court. After judgment is entered by the appellate court, no relief may be granted under Rule 49.2 which is not consistent with the mandate unless leave is first obtained therefor from the appellate court. In both cases the motion for relief shall always be made in the court below, within the aforesaid period, and if the court below signifies its willingness to grant the relief, application for such leave shall then be made to the appellate court."

v. *District Court and Cruz, Int.*, 74 P.R.R. 805, 814 (1953);
*Fernstein* v. *McGuire*, 312 S.W.2d 20 (Mo. 1958); *Hall* v.
*First Nat. Bank of Atlanta*, 81 S.E.2d 522 (Ga. 1954);
*Chamberlain Co.* v. *Allis-Chalmers Mfg. Co.*, 170 P.2d 85
(Cal. 1946). In *City of Hastings* v. *Foxworthy*, 63 N.W.
955 (Neb. 1895), a recital is made of the historical develop-
ment of the doctrine. See also, the study which appears in
1B Moore, Federal Practice, *supra,* and which starts on
page 401, *Law of the Case,* 5 Stanford L. Rev. 751 (1953).
The doctrine of the "law of the case" is a necessary and
convenient statement of the accepted principle that adjudi-
cations must have finality.

For the reasons stated the writ issued should be quashed
and the case remanded for the hearing of the complaint.