[Sac. No. 3011.    In Bank.—December 13, 1921.]

W. B. FRANKLIN, Appellant, v. CHURCHILL COM-
PANY (a Corporation), Respondent.

[1] PUBLIC LANDS—CONTEST—JUDGMENT IN MANDAMUS PROCEEDING—
LACK OF ESTOPPEL.—A judgment in a *mandamus* proceeding to
compel the state surveyor-general to issue a patent to state land
that the land was sovereign land is not conclusive upon a con-
testant of the petitioner's right to purchase, where such contestant
was not a party to the *mandamus* proceeding.

APPEAL from a judgment of the Superior Court of
Siskiyou County. James F. Lodge, Judge. Reversed.

The facts are stated in the opinion of the court.

Jacob P. Wetzel for Appellant.

A. E. Bolton and Tapscott & Tapscott for Respondent.

U. S. Webb, Attorney-General, and R. T. McKisick,
Deputy Attorney-General, for State of California.

WILBUR, J.—[1] This case is a companion case to
*Reynolds* v. *Churchill Co., ante,* p. 543, [202 Pac. 865].
The record of the two cases is somewhat different, owing to
the fact that in the trial court the attorney representing
Franklin claimed throughout the proceedings that the su-
preme court had definitely determined in *Churchill Co.*
v. *Kingsbury,* 178 Cal. 554, [174 Pac. 329], that the lands
were sovereign lands and that, therefore, neither party had
the right to purchase the same from the state of California.
His supplemental complaint based upon the judgment of the
supreme court in the *mandamus* case of *Churchill Co.* v.
*Kingsbury, supra,* was not permitted to be filed. By this
supplemental complaint the plaintiff in effect contended
that the judgment in the *mandamus* case was conclusive
against the defendant and incidentally admitted that it was
conclusive against himself. In the latter position he was
in error. Acting upon this belief the plaintiff declined
to offer any evidence in the case and contented himself
with the record he had made by the motion for leave to

file the supplemental complaint and by other motions and proceedings which need not be specifically pointed out. The judgment of the court being in favor of the Churchill Company, the plaintiff appeals to this court. While the more orderly process was that adopted in *Reynolds* v. *Churchill Co.,* namely, to proceed with the trial of the case and offer in evidence the judgment in the *mandamus* case (*Churchill Co.* v. *Kingsbury, supra*), it is clear that the appellant's position was sufficiently made known to the court and that the court decided against his contention and that he had no intention of abandoning his claims to the land except upon the theory that the trial court was bound to hold the land to be sovereign land.

In view of appellant's contention in regard to the conclusiveness of the judgment in the *mandamus* case, the judgment of the trial court should be reversed and the case remanded for subsequent proceedings in accordance herewith. If, upon a new trial, the plaintiff concedes, as he did on the former trial, that the land is sovereign land, the court should decree that he is not entitled to purchase the land, and upon presentation of the judgment in *Churchill Co.* v. *Kingsbury* must also decide against the defendant for the reason stated in *Reynolds* v. *Churchill Co., supra.*

Judgment reversed.

Sloane, J., Shaw, C. J., Lennon, J., and Shurtleff, J., concurred.

Rehearing denied.

All the Justices concurred.