[Civ. No. 2854.   Third Appellate District.—June 22, 1925.]

## W. B. FRANKLIN, Respondent, v. CHURCHILL COMPANY (a Corporation), Appellant.

[1] PUBLIC LANDS—CONFLICTING APPLICATIONS—JUDGMENT—APPEAL—NEW TRIAL—LAW OF CASE.—Where, upon a former appeal from a judgment in favor of the defendant in an action brought under the provisions of section 3414 of the Political Code to determine the rights of the parties growing out of conflicting applications

---

1.  See 2 Cal. Jur. 944; 2 R. C. L. 223.

to purchase certain lands of the state, the appellate court held that upon a new trial, upon the presentation of the judgment in a certain action between defendant and the surveyor-general, the trial court must decide against defendant, such decision became the law of the case; and, upon the new trial, upon the presentation of the judgment as suggested, the trial court properly decided that defendant had no right to purchase the land in question.

[2] ID.—JUDGMENT—SUFFICIENCY OF PLEADING—RES ADJUDICATA.— Where, following the judgment against defendant in its action against the surveyor-general, plaintiff sought leave to file an amended and supplemental complaint setting up such judgment, but permission to file such amendment was denied, the determination by the appellate court that it was error by the trial court to refuse to permit such pleading to be filed amounted to an adjudication of the sufficiency of the supplemental complaint in its pleading of the judgment in question.

[3] ID.—ISSUES—EVIDENCE—FINDINGS—JUDGMENT.—Where the findings as made abundantly support the judgment in favor of plaintiff, and from the evidence no finding upon any issue in the case could have been made in favor of defendant which would weaken this judgment, or warrant a different one, the failure of the trial court to find on other issues raised by the pleadings is without injury to defendant and, therefore, immaterial.

[4] ID.—NEGATIVE CONCLUSION—FINDINGS — EVIDENCE — JUDGMENT.— The fact that the conclusions of law prepared by the trial court state that certain findings marked by letters of the alphabet do not entitle defendant to any right or serve to validate his certificate of purchase, but the record discloses no such findings as those referred to, is without injury to defendant, where such negative conclusion is not necessary to the support of the judgment in favor of plaintiff, and the evidence would warrant no finding which would serve the contention of defendant.

---

(1) 34 **C. J.**, p. 938, n. 67.   (2) 3 **C. J.**, p. 727, n. 99, p. 735, n. 51; 4 **C. J.**, p. 1213, n. 83.   (3) 4 **C. J.**, p. 1059, n. 1.   (4) 4 **C. J.**, p. 1058, n. 90.

APPEAL from a judgment of the Superior Court of Siskiyou County.   H. D. Gregory, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Arthur W. Bolton and Tapscott & Tapscott for Appellant.

---

2.   See 2 **Cal. Jur.** 966; 2 **R. C. L.** 227.
3.   See 2 **Cal. Jur.** 1033; 2 **R. C. L.** 243.

Jacob P. Wetzel for Respondent.

SHIELDS, J., *pro tem.*—This is an action brought under the provisions of section 3414 of the Political Code to determine the rights of the parties hereto growing out of conflicting applications to purchase certain lands of the state of California, alleged herein to be swamp and overflowed lands. The facts related to the controversy are confused and complicated, but in so far as they appear to be necessary to the decision of this appeal they may be thus briefly stated.

On the eleventh day of October, 1872, one Presley A. Dorris made application under the law of 1868 for the purchase of a large body of land, some 5,120 acres, of which the land involved in this action is a part.

Thereafter, and upon certain proceedings being had, on the fourth day of June, 1874, the register of the state land office issued to Dorris a certificate of purchase for said larger body of land, as swamp and overflowed land. This certificate of purchase was numbered 4,185 and covered this entire area of about 5,120 acres including, as stated, the lands here in question.

The interest of Dorris in this certificate and of any right which might arise under it passed by mesne conveyances to Churchill Company, the defendant herein. The purchase of this land was not completed by Dorris nor by any of his successors in interest, including the Churchill Company, the present owner and holder of the certificate.

Thereafter and on the tenth day of April, 1917, the plaintiff herein made application to the surveyor-general of the state of California to purchase the lands involved in this action, the same being a part of the larger tract covered by certificate No. 4185, theretofore issued to Presley A. Dorris.

The contest which thereupon arose as to which of the two applicants was entitled to purchase the land involved herein was thereupon referred by the surveyor-general to the superior court of Siskiyou County for adjudication. In pursuance of this reference this action was begun on the twelfth day of June, 1917.

It further appears that before the application of the plaintiff herein had been filed, and on the fourth day of April, 1916, the state of California began an action in the

superior court of Siskiyou County to foreclose the rights of
Churchill Company to the larger tract of land claimed by it
under certificate of purchase No. 4185 and to cancel said
certificate.  Such proceedings were had in that action that
a judgment was rendered against the Churchill Company as
prayed for, foreclosing its rights to said lands and to said
certificate, but providing that at any time within twelve
months the said Churchill Company might redeem said
lands by paying to the county treasurer all delinquent
interest, accrued interest and costs chargeable against it.
This judgment was rendered on the fourth day of Jan-
uary, 1917.  Thereafter and before the expiration of twelve
months provided for in the judgment, and after the filing
of the complaint herein, the defendant Churchill Com-
pany presented to the county treasurer of Siskiyou County
its certificate of purchase and tendered him all costs, in-
terest and principal due on account of the purchase price of
the larger tract of land covered by said certificate of pur-
chase, and took the other steps required by law to entitle it
to demand a patent.  The tender and demand were refused
by the county treasurer on the ground that there was then
pending the contest involved in this action, and similar con-
tests for other portions of the land covered by this certificate
No. 4185.

The Churchill Company thereafter, and before the trial of
this action in the superior court of Siskiyou County, began
a proceeding in *mandamus* in the supreme court of the state
of California to compel the issuance to it of the patent, to
which it is contended it was legally entitled.  This pro-
ceeding was entitled *"Churchill Company, a Corporation,
Petitioner,* v. *W. S. Kingsbury, Surveyor General, etc., Re-
spondent."*  Issue was joined in this proceeding and upon
the facts being stipulated by the parties, the matter was
heard by the supreme court.

That court on the twenty-fourth day of July, 1918,
rendered its decision in which it held that "the petitioner
has not established his right to any relief" and in which it
ordered that the alternative writ of mandate previously
issued should be discharged and that the proceeding be dis-
missed.  (See *Churchill Co.* v. *Kingsbury,* 178 Cal. 554
[174 Pac. 329].)  Thereafter the case now before the court
came on for trial.  The plaintiff herein moved the trial court

for leave to file a supplemental complaint setting up the judgment in the case of *Churchill Company* v. *Kingsbury* which he claimed was a final adjudication that the defendant had no right to purchase the land involved in this action. Permission to file such supplemental complaint was denied and after making a record of his claim of right to file such supplemental complaint, and after the court's refusal to permit him to do so, plaintiff offered no evidence, and upon judgment going against him, he appealed to the supreme court from such judgment. Upon the hearing of such appeal the judgment was reversed with instruction to the lower court to permit the filing of the supplemental complaint setting up the judgment in the action of *Churchill Company* v. *Kingsbury.* A retrial of this action was thereafter had and from the judgment therein in favor of the plaintiff this appeal was taken. The judgment in the *Churchill* v. *Kingsbury* case was pleaded by supplemental complaint and introduced in evidence at the trial. It is with reference to the effect of this judgment that this appeal is chiefly concerned. Plaintiff contends that this judgment was a final and complete adjudication that the defendant had no right under the certificate of purchase No. 4185, or otherwise, to locate or purchase the lands here involved. This claim was fully concurred in by the trial court, which decided the case against defendant upon this theory. In this view we fully concur, not alone upon independent reasoning, but as well because we believe that the supreme court has so declared. In 1917 one Reynolds filed an application to purchase a portion of the larger tract of land previously located by Presley A. Dorris and covered by certificate of purchase No. 4185, which certificate had in the meantime and was then held and owned by the Churchill Company, the defendant herein. The contest which thereupon arose was, as was the contest here, referred to the superior court of Siskiyou County for determination. At the trial of this latter case Reynolds offered in evidence the proceedings in the *mandamus* case of *Churchill Co.* v. *Kingsbury,* 178 Cal. 554 [174 Pac. 329]. Reynolds claimed that the judgment in this case was conclusive against the Churchill Company. Objection to this offer was sustained by the trial court. Judgment went against the plaintiff and he appealed. It will be seen that the proceedings in this case exactly paral-

leled the proceedings here. Upon this appeal the supreme court said: "We have reached the conclusion that the *mandamus* proceedings are conclusive of the rights of the respondent (Churchill Company) to purchase the land under its certificate of purchase." (*Reynolds* v. *Churchill Co.,* 187 Cal. 546 [202 Pac. 865].) In this opinion the supreme court further said: "It follows from the foregoing that the trial court was in error in excluding the judgment and record in the *mandamus* proceeding, which record was conclusive against the Churchill Company. The trial court should have rendered judgment declaring that the Churchill Company had no right to purchase." (Id. 550 [202 Pac. 867].) This case was in all substantial respects identical with the case now before us. If the trial court in that case should, as stated by the supreme court, "have rendered judgment declaring that the Churchill Company had no right to purchase" the land there in controversy, it should, as it did, have done so in this case. **[1]** We do not have to make this deduction from the identity of the cases; the supreme court has so ordered in this case. In an opinion rendered by that court on appeal after a previous trial of this case, it is definitely said that upon a new trial, upon a presentation of the judgment in *Churchill* v. *Kingsbury* the trial court must decide against the defendant, and bases this conclusion upon the reasons stated in *Reynolds* v. *Churchill Co.,* which in direct terms it specifically adopts. (*Franklin* v. *Churchill Co.,* 187 Cal. 556 [202 Pac. 869].)

This statement of the effect of the judgment and the duty of the trial court has clearly become the law of the case. (4 Cor. Jur. 1213; *Cooley* v. *Miller & Lux,* 168 Cal. 128 [142 Pac. 83]; *People's Lumber Co.* v. *Gillard,* 5 Cal. App. 437 [90 Pac. 556].) The judgment was presented as suggested, and the trial court very properly decided "that the Churchill Company had no right to purchase" the land, as it was directed to do by the supreme court.

**[2]** This disposes of the only vital point in the case. Appellant contends that, admitting the binding force of the judgment, it was not sufficiently pleaded, and, therefore, that it should not have been admitted in evidence. It was pleaded in substantially the same form in which it was offered at the first trial of the case.

The supreme court, as above appears, held that it was error by the trial court to have refused to permit it to be filed. This amounts to an adjudication of the sufficiency of the supplemental complaint as a pleading.

But aside from this the judgment was one to which the defendant was a party, it was the one which was made the subject of litigation on the first trial and appeal of this case, and it was one in which when the first judgment rendered in this case was reversed, was so reversed for the sole purpose of permitting the plaintiff to plead it by a supplemental pleading as here attempted. When to this is added the fact that the pleading was accepted by the trial court and the case tried and decided upon the theory that it raised the issue of the bar of the *Churchill* v. *Kingsbury* judgment, it is now too late to inquire whether or not it was properly pleaded, or so pleaded with formal artificiality. The failure to plead that this judgment was "duly" given or made, or to prove the facts giving the court that rendered it jurisdiction, when it was offered in evidence, were not vital omissions under the facts here presented.

In this case the judgment in *Churchill Co.* v. *Kingsbury* was an adjudicated fact in the case, and its effect and validity had already been declared, in advance of its introduction in evidence at this trial. Upon no conceivable theory can it be held that the defendant was injured by the acceptance of the pleading by the trial court, or by the admission of the judgment upon the issue which it raised.

[3] It is further contended that many issues raised by the pleadings were not decided by the court, or covered by its findings. Without discussing this question, which under the circumstances is wholly unimportant, it is enough to say that the findings as made abundantly support the judgment, and that from the evidence no finding upon any issue in the case could have been made in favor of the defendant which would weaken this judgment, or warrant a different one. Under such circumstances, the defendant having suffered no injury nor been denied any possible right, the failure to find upon the issues referred to was without injury, and, therefore, immaterial.

[4] Appellant makes the further point that the conclusions of law prepared by the trial court are confusing in that it is stated in such conclusions that certain findings

marked by letters of the alphabet do not entitle the defendant to any right or serve to validate his certificate of purchase. The record discloses no· such findings as those referred to. The conclusion criticised, however, is a negative one and not necessary to the support of the judgment. Moreover, as the evidence would warrant no finding which would serve the contention of the defendant, we must hold that this mistaken reference was without injury to it. Other points voluminously discussed by the parties become entirely irrelevant to this controversy when the conclusion is reached, as we have reached it here, that the judgment in the *mandamus* case terminated any right the defendant might have had to purchase the lands involved under its certificate of purchase.

As to the right of the plaintiff to purchase the land, the trial court has found in his favor. As this finding is supported by substantial evidence, this court, of course, will not disturb it.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1925.

All the Justices concurred.